UNITED STATES of America ex rel. Raymond P. WILSON

v.

A. T. RUNDLE, Warden, State Correctional Institution, Philadelphia, Pennsylvania.

Misc. No. 2417.

United States District Court
E. D. Pennsylvania.

Aug. 22, 1962.

Raymond P. Wilson, pro se.

BODY, District Judge.

Petitioner, who is currently serving a life sentence on a conviction of first degree murder, alleges a deprivation of his right to due process under the Fourteenth Amendment to the Constitution of the United States, and asks that this Court issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254, 62 Stat. 967.

It is alleged that perjured testimony was deliberately used by the prosecutor in petitioner's murder trial in Philadelphia (No. 633 November Sessions, 1955, Court of Oyer & Terminer). Petitioner has never raised this issue in the courts of the Commonwealth. Until it is so raised, there is no jurisdiction in this Court. 28 U.S.C. § 2254, 62 Stat. 967. Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79 L.Ed. 791 (1935).

It is further alleged that petitioner was deprived of his right to a fair trial in that certain hearsay (extra judicial) statements were admitted into evidence, a prior burglary conviction was referred to as a robbery, and the prosecuting attorney made inaccurate and prejudicial statements.

These alleged errors are of record and were either waived by failure to object at trial or if raised unsuccessfully on appeal, are not proper grounds for the issuance of a writ of habeas corpus in Pennsylvania. Commonwealth ex rel. Bishop v. Maroney, 399 Pa. 208, 159 A.2d 893 (1960).

However, petitioner still has not afforded the Commonwealth of Pennsylvania an opportunity to pass upon the precise constitutional question of whether due process has been violated. Although we believe that the matters raised do not amount to a denial of due process, and therefore that there is no federal question presented, the same ultimate constitutional issue may be raised in the Pennsylvania Courts by a petition for a writ of habeas corpus. Commonwealth ex rel. Sleighter v. Banmiller, 392 Pa. 133, 139 A.2d 918 (1958).

Therefore, a state remedy remains available and this Court has no jurisdiction. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1952).

ORDER

AND NOW, this 22nd day of August, 1962, for the above reasons IT IS ORDERED that the petition of Raymond Wilson be, and the petition is, hereby denied.