Harold **WHITELEY**, Appellant,

v.

Leonard **MEACHAM**, Warden, Wyoming State Penitentiary, Appellee.

No. 39–69.

United States Court of Appeals Tenth Circuit.

Sept. 30, 1969.

William J. Knudsen, Jr., Laramie, Wyo., for appellant.

Jack Speight, Asst. Atty. Gen., Cheyenne, Wyo. (James E. Barrett, Atty. Gen., Cheyenne, Wyo., with him on the brief) for appellee.

Before PHILLIPS, LEWIS and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Petitioner Whiteley sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against the State of Wyoming charging it had unconstitutionally incarcerated him. At the time of oral argument the court permitted the substitution of Leonard A. Meacham, Warden of the State Penitentiary for the State of Wyoming as the proper respondent appellee.

The trial court determined the issues presented on an original and amended pe-

tition and denied the application. This is an appeal from that action.

Petitioner presents for review the following issues:

1. The trial court's determination that petitioner had not exhausted his state remedies before filing in the United States District Court was error;

2. The constitutional issues adversely decided by the state court were erroneously adopted as res judicata in the federal habeas proceedings by the trial court;

3. Petitioner's failure to object to the introduction in evidence of a 1942 judgment and sentence as evidence or prior conviction on an habitual criminal charge does not preclude the consideration by this court;

4. The introduction in evidence of the 1942 judgment and sentence on the charge of recidivism for the purpose of enhancing the guilt of petitioner was prejudicial error;

5. The sentence imposed on petitioner for the commission of the offense of larceny and as an habitual criminal constitutes two sentences for a single crime;

6. Petitioner's arrest in Laramie, Wyoming, by a Laramie police officer, was illegal and the search and seizure incident thereto was thereby tainted, thus making the admission of the fruits of that search as evidence at petitioner's trial, on the charge of burglary in 1965, prejudicial error.

Neither the record on appeal nor the briefs question the factual determination made by the Supreme Court of the State of Wyoming in its consideration of a direct appeal on the questioned 1965 conviction.

Title 28 U.S.C. § 2254 unmistakeably provides that the factual issues determined by the state court shall be presumed to be correct.[1]

1. § 2254(d) provides: "In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judg-

ment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which

The foregoing directs us to accept the following as salient facts:

"On November 23, 1964, certain business establishments in Saratoga were broken into, including the Rustic Bar and Shively's Hardware, the offenses being investigated by the Carbon County Sheriff, who, acting on a tip, the next day signed a complaint charging defendant and another with breaking and entering the building identified as the Rustic Bar. This complaint was made before a justice of the peace at approximately 11:30 a. m. on the 24th, and a warrant issued. After the investigation, the sheriff put out a state item on the radio to pick up two suspects of the breaking and entering, defendant and another. The message went to the network at Casper and was transmitted over the State, received by the Albany County Sheriff's Office and communicated to the Laramie Police Department, the message giving names and descriptions of the two persons and *advising the type of car probably being* driven and amount of money taken, including certain old coins with the dates. Late at night on November 24, a Laramie patrolman, in reliance on the information in the radio item, arrested the defendant and his companion. At the time, the patrolman had no warrant for defendant's arrest nor search warrant. The officer together with a deputy sheriff, who had come up in the meantime, searched the car and removed a number of items introduced in evidence, including tools and old coins, identified at the trial as taken from Shively's Hardware. On the next morning, defendant was taken to Rawlins and a new complaint and warrant were issued for the breaking and entering of the hardware store and *defendant was bound over and later tried.*" Whiteley v. State, 418 P.2d 164, 165–166 (Wyo.1966).

28 U.S.C. § 2254(c) provides:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the *meaning of this section, if he has the*

---

the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous."

right under the law of the State to raise, by any available procedure, the question presented."

The trial court found:

"Petitioner did not exhaust his state court remedies with respect to the three new claims raised in the post-conviction proceedings; they have not been considered or determined by the Wyoming Supreme Court. Direct appeal is expressly provided by the Wyoming Post-Conviction Relief statute. Sec. 7–408.7 W.S.1957. Petitioner cannot be heard to say, therefore, that an appeal from the post-conviction order would be repetitious or futile. Petitioner is no stranger to the right of review by the Supreme Court nor to the procedure for perfecting an appeal. Habeas corpus proceedings in the United States District Court are improper substitutes for state appellate procedure available to state prisoners." Whiteley v. Wyoming, 293 F.Supp. 381, 383–384 (D.Wyo.1968).

■ Additionally, it is evident that the question of whether or not a petitioner has exhausted remedies available in the state court is a question of law and not of fact. Rose v. Dickson, 327 F.2d 27 (9th Cir. 1964).

■ In addition to the appellate procedure noted by the trial court, Article 5, § 3 of the Wyoming constitution establishes original jurisdiction in the Wyoming Supreme Court to issue writs of habeas corpus. Therefore, we cannot find error in the trial court's determination that petitioner had not exhausted his available remedies in the state court. We are taught that a state prisoner seeking federal habeas corpus relief in a federal court who asserts several errors will only receive consideration from the federal court on those which the state's highest court has considered. Watson v. Patterson, 358 F.2d 297 (10th Cir.), cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L. Ed.2d 103 (1966).

■■ Whiteley's argument that the Wyoming Supreme Court will not generally hear such petitions is not persuasive because the "[p]robability of success is not the test for determining the adequacy of state remedies. The fact that the issue may be determined contrary to [the petitioner] does not establish any ground for questioning the adequacy or effectiveness of the remedy provided for the presentation and determination of that issue." Boyd v. Oklahoma, 375 F.2d 481, 482 (10th Cir. 1967). " 'Ineffectiveness' of state relief cannot be established if no attempt is made to obtain that relief." Morehead v. California, 339 F.2d 170, 171 (9th Cir. 1964).

The foregoing directs that Whiteley seek determination of his issues 3, 4 and 5 in the state courts. While it is true that post-conviction relief was sought in the state trial court, an appeal from the ruling of that court was not taken to the Supreme Court of Wyoming. The federal trial court, conversant with all the facts, concluded that Whiteley was no stranger to the right of review by the Supreme Court nor to the procedure for effecting an appeal. The record bears this out. The provision in the Wyoming constitution authorizing original jurisdiction for writs of habeas corpus assures an additional avenue for relief.

We agree with the trial court's conclusion that "[t]he Wyoming State Supreme Court is competent to consider and determine the matters before it and I am reluctant to invade the sovereign jurisdiction of that court." *Whiteley, supra* at 384 of 293 F.Supp.

In view of the foregoing, we turn to the question determined by the Wyoming State Supreme Court in Whiteley v. State, *supra*, of whether "[t]he court admitted into evidence certain items of property obtained by an unlawful search of defendant's automobile," which is the only question available to us for review.

■ It is evident from the facts that several crimes had been committed in Saratoga, Wyoming, including the breaking and entering of the Rustic Bar and Shively Hardware. The Carbon County sheriff investigated the burglaries. He signed a complaint charging Whiteley

and another with breaking and entering the building identified as the Rustic Bar. Immediately thereafter the sheriff issued an item on the state radio to pick up two suspects, Whiteley being identified as one of the suspects. This information was transmitted over the state and received by the officers in Laramie, Albany County, Wyoming, which is contiguous to the county wherein the crime was committed. The Supreme Court determined from these facts that the arrest made by the officer of the Laramie Police Department was a warrantless arrest. The Supreme Court said:

> "It has long been settled in this jurisdiction that 'a peace officer may arrest, without a warrant, one whom he has reasonable or probable grounds to suspect of having committed the felony.' State v. George, 32 Wyo. 223, 231 P. 683, 690." *Whitely, supra* at 167 of 418 P.2d

The immediate search at the time of arrest by the Albany County undersheriff discovered the evidence which was introduced at a subsequent trial charging the breaking and entering of Shively Hardware. The record reflects that after the sheriff of Carbon County had been notified of the arrest on November 24, 1964, he transported Whiteley from Laramie to Rawlins on November 25, 1964, and thereafter, on November 25, 1964, filed a complaint and obtained a warrant on the Shively Hardware robbery.

Wyo.Stat. § 7-173 (1957) provides:

> "If upon the whole examination, it appears that there has been no offense committed, or that there is not probable cause for holding the prisoner to answer the offense, he shall be discharged."

It is apparent that one arrested in Wyoming is brought before a Justice of the Peace for immediate examination wherein the question of probable cause is determined. The facts recited by the Supreme Court establish that "[o]n the next morning, defendant was taken to Rawlins and a new complaint and warrant were issued for the breaking and entering of the hardware store and defendant was bound over and later tried." *Whiteley, supra* at 166. Thus, the probable cause for detention was established at the preliminary hearing, and at the trial of the case, and by the Supreme Court of the State of Wyoming.

The offense charged in the complaint and warrant questioned was for breaking and entering the Rustic Bar. The preliminary hearing and information upon which Whiteley was convicted charged breaking and entry of Shively Hardware.

■ The argument of counsel for Whiteley overlooks the determination of the Supreme Court that the arrest was warrantless and relies upon the fact that a complaint and warrant were issued prior to the apprehension charging Whiteley with a different crime than the one upon which he was finally prosecuted. Whiteley's contention that the arrest was illegal because he was identified by an unnamed informer not shown in the complaint upon which the warrant was issued has been answered by the Supreme Court of the United States. McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). At the time of a warrantless arrest, the question of probable cause is determined by the arresting officer rather than a judicial officer. Under the facts recited, it is evident that the Laramie officers relied upon the state police bulletin issued by the sheriff of Carbon County, known to them to be reliable, and therefore the Supreme Court found the warrantless arrest to be lawful. We have also held that probable cause for an arrest without a warrant depends on whether, at the moment of the arrest, the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing the arrested person has committed an offense. Holbrook v. United States, 406 F.2d 44 (10th Cir. 1969); Holt v. United States, 404 F.2d 914 (10th Cir. 1968), cert. denied, 393 U.S. 1086, 89 S.Ct. 872, 21 L.Ed.2d 779 (Feb. 24, 1969), rehearing denied, 394 U.S. 967, 89 S.Ct. 1303, 22 L.Ed.2d 570; Murray v.

United States, 351 F.2d 330 (10th Cir. 1965); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

We therefore are bound to conclude that the arrest was legal and the evidence seized was not tainted and was admissible in court as determined by the Supreme Court of the State of Wyoming.

A review of the record of the original trial on the burglary charge cast doubt upon the admissibility of evidence not in plain view at the time of arrest. *See* Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This is a pre-*Chimel* case, and the Supreme Court expressly pretermitted a decision whether the *Chimel* principle is to be applied retroactively. We will not make the retroactive determination with regard to the exclusionary rule stated in *Chimel, supra.* Under pre-*Chimel* standards, the Supreme Court of Wyoming specifically applied the principles then enunciated by the Supreme Court of the United States, permitting the introduction of the evidence here in question.

We therefore affirm the trial court's denial of the application for the writ.

Affirmed.

Koelsch, Circuit Judge, dissented.