Commonwealth *v.* Wilson, Appellant.

Submitted November 9, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 11, 1971.

*Jonathan Miller* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A.*

*Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 12, 1971:

Appellant was found guilty of first degree murder after a jury trial on May 18, 1956, and sentenced to life imprisonment. We affirmed the judgment of sentence. *Commonwealth v. Wilson,* 394 Pa. 588, 148 A. 2d 234 (1959), and the United States Supreme Court denied certiorari, 361 U.S. 844 (1959). Appellant next petitioned for federal habeas corpus relief, alleging that a witness against him at trial, Edward Nixon, had repudiated his testimony. This petition was denied, *U. S. ex rel. Wilson v. Rundle,* 208 F. Supp. 484 (E.D. Pa. 1962). Appellant then sought state habeas corpus relief, alleging, *inter alia,* the same issue, and his petition was dismissed. We affirmed this dismissal in an opinion where we discussed and rejected the claim regarding Nixon's testimony. *Com. ex rel. Wilson v. Rundle,* 412 Pa. 109, 112-14, 194 A. 2d 143 (1963).

Appellant recently filed a PCHA petition where he raised the same issue in addition to alleging prejudicial pretrial publicity, and the improper use of his past criminal record. The post-conviction court dismissed the petition without a hearing, on the grounds that appellant's previous appeal and habeas corpus petition foreclosed any further relief. This appeal followed.

Since appellant's arguments concerning pretrial publicity and the improper use of his record could have been raised in his direct appeal, there is no doubt that he is foreclosed from raising those issues. However, he contends that when we dealt with his allegation concerning Edward Nixon's repudiated testimony, appellant was not represented by counsel. Therefore, he contends, this issue should not be considered finally litigated.

The post-conviction hearing judge, relying on Section 3 of the Post Conviction Hearing Act, 19 P.S. §1180-3, which provides that in order for a petitioner to be eligible for relief under the act, he must prove: "(d) That the error resulting in his conviction and sentence has not been finally litigated or waived," and Section 4 of the act, which states that an issue is finally litigated if: "(a) . . . (3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue," concluded that, because we considered appellant's argument concerning Nixon's allegedly repudiated testimony, that issue has been finally litigated, even though appellant was not represented by counsel when that issue was argued.

However, we believe that the presence of counsel, in many cases, is crucial to the process of intelligent judicial review. The well-written brief and the well-reasoned oral argument can make all the difference in the world in helping an appellate court to reach the correct result, especially in those cases where the record is unclear or the legal issues involved require a sophisticated analysis of many conflicting legal principles. Consequently, we are unwilling to say that a decision reached after an uncounselled argument before our court should be accorded the same finality as a decision reached on an appeal where the appellant was represented by counsel.

For this reason, we shall adopt a prophylactic rule that, just as a failure to raise an issue cannot constitute a "waiver" under Section 4(b) of the Post Conviction Hearing Act when the petitioner was not represented by counsel in the prior proceeding, so a determination of that issue after an uncounselled appeal cannot be considered a "final litigation" of that issue under Section 4(a)(3), unless the petitioner had intelligently waived such representation. See, e.g., *Commonwealth v.*

*Johnson,* 433 Pa. 582, 252 A. 2d 641 (1969) ; *Commonwealth v. Zaffina,* 432 Pa. 435, 248 A. 2d 5 (1968) ; *Commowealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968).

Accordingly, it was error for the post-conviction court to dismiss appellant's petition. A hearing should have been held on appellant's allegation concerning the witness's repudiated testimony.

Order reversed and case remanded for a hearing consistent with this opinion.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.