336 A.2d 309
**COMMONWEALTH of Pennsylvania**
**v.**
**Raymond WILSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 23, 1974.

Decided April 17, 1975.

330

Vincent J. Ziccardi, Public Defender, Philadelphia, for appellant.

T. Emmett Fitzpatrick, Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Raymond Wilson, was found guilty of murder in the first degree after a jury trial in 1956. This Court affirmed the judgment of sentence. *Commonwealth v. Wilson*, 394 Pa. 588, 148 A.2d 234 (1959); cert. denied, 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82 (1959). Subsequently, a federal court denied appellant's petition for habeas corpus relief because state remedies had not been exhausted. *United States ex rel. Wilson v. Rundle*, 208 F.Supp. 484 (E.D.Pa.1962). Appellant then sought habeas corpus relief in the Pennsylvania courts averring that a prosecution witness, Edward Nixon, who testified at appellant's 1956 murder trial, had since repudiated his testimony. At trial Nixon had testified as to certain incriminating admissions allegedly made to him by appellant. Relief on the habeas corpus petition was denied without a hearing and affirmed on appeal. *Commonwealth ex rel. Wilson v. Rundle*, 412 Pa. 109, 194 A. 2d 143 (1963). In 1969, appellant made the same averments in a Post Conviction Hearing Act petition (see Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P. S. 1180-1 et seq.), and was again denied a hearing. On appeal, this Court held that the appellant was entitled to a hearing on his allegation that Edward Nixon had recanted his 1956 trial testimony. *Commonwealth v. Wilson*, 444 Pa. 433, 283 A.2d 78 (1971). Pursuant to our remand, an evidentiary hearing was commenced at which appellant testified concerning the alleged recantation.

Nixon could not be located, however, and over the next few months the trial court granted several continuances to permit appellant's counsel to locate the missing witness. Finally, on March 24, 1972, the trial court refused to grant any further continuances and denied relief. This appeal followed.

Appellant contends (1) that we should now reverse, as an abuse of discretion, the trial court's termination of the PCHA proceeding, and remand for another evidentiary hearing after allowing more time for appellant to locate the missing witness; (2) that we should grant a new trial on appellant's 1956 murder conviction if, on remand, it should develop that the missing witness cannot be located; and (3) that a new trial should be granted because on the record before us, we should conclude that Edward Nixon gave false testimony at appellant's trial.

In order to justify post conviction relief on the basis of an alleged repudiation of trial testimony by a witness whose testimony at trial was damaging to the appellant, two things have to be shown: (1) that such a recantation had, in fact, been made, and (2) that the recantation was truthful. *See Commonwealth ex rel. Wilson v. Rundle*, 412 Pa. 109, 194 A.2d 143 (1963). Appellant in this case has shown neither. Appellant's contentions are based on the assertion that *the fact* of the alleged recantation had been proven to the satisfaction of this Court in appellant's appeal from the denial of his habeas corpus petition. In 1963, when this Court considered appellant's appeal from the denial of his habeas corpus petition, *for purposes of its opinion,* it accepted as true the allegation that the witness, Edward Nixon, had recanted his 1956 trial testimony. *See Commonwealth ex rel. Wilson v. Rundle,* 412 Pa. 109, 194 A.2d 143 (1963). Appellant now urges us to read that opinion as concluding that the witness had, in fact, repudiated his trial testimony. We do not so read that opinion. There was no hearing held on the habeas corpus petition. In

accepting the averments of the habeas corpus petition as true for the purpose of appellate review, we said, "[w]e accept as an established fact [appellant's] averment that the Commonwealth witness Nixon has not repudiated his trial testimony." *Id.* at 112, 194 A.2d at 144. At another point in that opinion, we said, "[appellant] alleges nothing in his petition to support the credibility of the repudiation that was not made known in strong terms by the trial court to the jury at trial." *Id.* at 114, 194 A.2d at 145. There is nothing in the record of this case, from the time of its inception in 1956 through the incomplete PCHA evidentiary hearing held following our remand order in 1971, to the trial court's final refusal of a continuance on March 24, 1972, to indicate that there was ever any evidence, except appellant's testimony, that Nixon had repudiated his 1956 trial testimony. Furthermore, the only time the appellant testified about the alleged repudiation was at an evidentiary hearing held in 1971. At that evidentiary hearing, appellant testified as follows:

"Q. Now the basis of your petition is that he recanted his testimony. In other words, that sometime after the day of the trial he made a statement to somebody that what he said was untrue. Now did he say that to you?

A. He didn't say this to me, I never have got a chance to talk to him.

. . . . . . . .

I hired a lawyer at one time to get a statement off of him one time and I couldn't—the statement, you know I couldn't—the statement, I couldn't make head or tails out of it. It was all jumbled together, you know.

Q. Let me ask you this: How did you ever find out that he made a statement after your trial that he lied at your trial?

A. How did he lie?

Q. How did you find out that he told somebody after the trial that he had lied at your trial?

A. Because I knew that he lied. It was me that he was lying on.

.    .    .    .    .    .    .    .

Q. Other than the fact that in your opinion he was lying, to your knowledge did he ever tell anybody that he was lying?

A. That he did.

Q. Who?

A. He told some newspaper reporter. I don't even remember. It was some reporter from Philadelphia who went up to see him sometime when he was in Canada. Now this was from the grapevine.

Q. You don't have any personal knowledge?

A. No, but I can imagine its true  .    .    .."

Based on this state of the record, the trial court's order terminating the PCHA proceeding was not an abuse of discretion. Although that order is final in the sense that it denied appellant's PCHA petition, when read in context with the transcript of the trial court's remarks, we think it fair to interpret the trial court's order as one intending to deny relief without prejudice to the filing of a new PCHA petition when, and if, new evidence could be presented which would indicate *the fact of* the alleged recantation by Nixon. The trial court said that if the missing witness was located, and an affidavit was prepared and presented to the court showing the substance of the witness's anticipated testimony, the trial court would consider reopening the appellant's case. Only if appellant establishes, in any such subsequent hearing as may be warranted if such a petition alleging new evidence is presented, that Nixon has, *in fact*, repudiated his trial testimony, will it be necessary to address appellant's contention that he has been prejudiced by the passage of time since the allegation that Nixon has recanted was

first made in 1963. The question of whether appellant, if he is able to establish *the fact of* the recantation, has suffered prejudice to his ability to prove *the truth of* the recantation because of this delay, and should therefore be granted a new trial, is a question we need not answer now. Furthermore, there is nothing in the present record to support appellant's claim that a new trial is warranted because Edward Nixon gave false testimony.

■ In order to eliminate any doubt, we will modify the trial court's order to indicate that if new evidence becomes available, appellant may file a new PCHA petition. This is the only relief to which the appellant is entitled. The September 29, 1972, order of the trial court is therefore modified as follows:

> The defendant's petition under the Post Conviction Hearing Act is hereby denied with prejudice except that defendant shall be entitled to a new PCHA hearing on his claim that Edward Nixon recanted his trial testimony, upon the filing of a new PCHA petition in which facts are alleged indicating that new evidence is available to establish that Edward Nixon has repudiated his trial testimony.

■ The prosecution contends that even if it is established at some future time that Edward Nixon gave false testimony at appellant's trial, a new trial would not be warranted because the "error" would be harmless. We cannot, however, properly consider that issue until, if ever, the circumstances of the false testimony are established. Those circumstances may or may not be significant. The issue should not be considered in a factual vacuum.

Order affirmed as modified.

JONES, C. J., dissents.