A. J. JOHNSON, Appellant
(Petitioner below),

v.

The STATE of Wyoming, Appellee
(Respondent below).

No. 5022.

Supreme Court of Wyoming.

March 23, 1979.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and William D. Hjelmstad, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

John J. Rooney, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Sharon A. Fitzgerald, Legal Intern, Cheyenne, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

This is an appeal from an order denying a petition for post-conviction relief. Defendant Johnson was convicted of aggravated robbery under § 6–4–402, W.S.1977, and was sentenced to eight to fifteen years in the Wyoming State Penitentiary. Johnson appealed the conviction, and the trial court's judgment entered on the verdict was affirmed by this court. *Johnson v. State*, Wyo., 562 P.2d 1294. Appellant then filed his petition for post-conviction relief under § 7–14–101, W.S.1977[1], and an order was thereafter entered denying the petition, whereupon Johnson has, once more, brought his appeal to this court.

Appellant raises four issues, which he identifies as: knowing suppression of a material witness by the prosecution; conviction obtained by a violation of the privilege against self-incrimination; conviction obtained by the unlawful failure of the prosecution to disclose evidence favorable to the appellant; and conviction obtained by unlawful use of opinion testimony.

The State, for one of its grounds for argument, contends that the defendant either did or could have raised these issues upon direct appeal and is, therefore precluded from raising them in this post-conviction proceeding under § 7–14–101, supra. We agree—we will affirm on this ground—and, therefore, there is no reason to consider the other arguments presented by the State.

■ A proceeding under a state post-conviction-relief statute such as Wyoming's §§ 7–14–101 through 7–14–108, W.S.1977, is not available unless the grounds relied upon are authorized by statute. 24 C.J.S. Criminal Law § 1606(6), p. 681 (1961). Under the Wyoming post-conviction statutes, only alleged deprivation of constitutional rights can furnish grounds for relief. *Munoz v. Maschner*, Wyo., 590 P.2d 1352 (No. 4973, decided March 6, 1979); and *Albert v. State*, Wyo., 466 P.2d 826, 828, reh. den. 468 P.2d 968 (1970). Relief of the post-conviction nature will be granted only in extraordinary circumstances where there is a likelihood that without it the defendant would not have been found guilty and the probability of the miscarriage of justice is strong. *Munoz v. Maschner*, supra.

■ The statute does not give a defendant the right to have the case tried over, and may not be employed as a substitute for an appeal. *Munoz v. Maschner*, supra; and *Albert v. State*, supra.[2] It is intended to grant ι lief when the substance of a fair trial has been denied, followed by the imposition of a sentence. *State v. Cur-*

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. Section 7–14–101, W.S.1977, provides:
   "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7–14–101 to 7–14–108]. The proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition verified by affidavit, together with a copy thereof, which copy shall be forwarded by the clerk of court

to the attorney general of the state of Wyoming by certified or registered mail. The clerk shall docket the petition upon his receipt thereof and bring the same promptly to the attention of the court. No proceeding under this act shall be commenced more than five (5) years after the conviction and sentence of the accused, unless the petitioner alleges facts showing that the delay was not due to his own neglect." ·

2. In *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), the Ohio Supreme Court held constitutional issues cannot be considered under a post-conviction-relief statute where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before judgment of conviction or on direct appeal from that judgment. To the same effect, see *Commonwealth v. Wilson*, 444 Pa. 433, 283 A.2d 78 (1971).

*ran,* 10 Terry 350, 116 A.2d 782, aff'd 10 Terry 587, 122 A.2d 126, cert. den. 352 U.S. 913, 77 S.Ct. 151, 1 L.Ed.2d 120 (1955). The inquiry, under a statute such as ours, is limited to a determination of whether or not the defendant was denied the right to be represented by counsel, to have witnesses, and to have a fair opportunity to prepare and present his defense. 24 C.J.S. Criminal Law § 1606(6), p. 682 (1961). To warrant a new trial under our statute, it must first appear to the court that a retrial could reasonably be expected to result in a different verdict and judgment. *State v. Curran,* supra.

■ It is generally conceded that review of judgment by statutory petition is not restricted by res judicata, but a petition to vacate or set aside a judgment or sentence brought under our post-conviction statute does not offer remedies which have previously been pursued to completion. *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); and *Church v. Gladden,* 244 Or. 308, 417 P.2d 993 (1966). Issues disposed of on a previous appeal from the judgment of conviction cannot be reviewed by post-conviction petition since such reviews have been barred under the doctrine of res judicata. *North v. Cupp,* 254 Or. 451, 461 P.2d 271, cert. den., 397 U.S. 1054, 90 S.Ct. 1396, 25 L.Ed.2d 670 (1969). *See Kennedy v. State,* Wyo., 443 P.2d 138 (1968). The Wyoming post-conviction statute does not afford relief from alleged errors for which remedies were available before and during the original trial. *Munoz v. Maschner,* supra.

In the original appeal, this court decided the search and seizure question and held that there was no error in failing to introduce evidence relating to the search.[3] We

also disposed of the appellant's contention concerning the use of unlawful opinion-testimony.[4] The only issues raised here that were not disposed of in the direct appeal concerns the knowing-suppression-of-a-witness contention and the alleged violation of the defendant's Fifth Amendment rights.

*Knowing Suppression of a Witness*

The defendant talks about the State knowingly suppressing a witness and then recites rules of law and case authority to the effect that such knowing suppression violates due process. Of course it does under *Brady v. Maryland,* 373 U.S. 87, 83 S.Ct. 1194, 10 L.Ed.2d 215, 218; and *Dodge v. State,* Wyo., 562 P.2d 303 (1963), but the defendant does not make any showing in this record that the State is guilty of suppressing a witness. The record is exactly to the contrary. The following statement in the appellee's brief, which is supported by the record, is not contradicted by the appellant:

"The State did not prevent Henry Rudolph from testifying at Appellant's trial. The record shows that the prosecution diligently attempted to locate Henry Rudolph before the trial, but was unable to do so. On November 7, 1975, a subpoena for the witness' appearance at Appellant's trial on November 12, 1975 was issued. The subpoena was returned by the sheriff with the notation, "Not found in Laramie County." On November 10, 1975 the prosecution moved for an order of arrest for a material witness pursuant to Rule 8(b) of the Wyoming Rules of Criminal Procedure. The order for the arrest of a material witness was issued by the trial court on November 10, 1975.

---

3. We said in *Johnson v. State,* supra, at 562 P.2d 1298:

"The record is silent as to the facts upon which this court could determine the reasonableness of the searches and seizures. Thus appellant has not satisfied his burden, . .

"We can see no reason why the prosecution should now be penalized for its failure to introduce evidence which might be the basis of these searches and seizures when the de-

fendant did not raise this question, which made such showing unnecessary, . . . ."

4. We said in *Johnson v. State,* supra, at 562 P.2d 1297:

". . . Identification of an accused, therefore, need not be positive in order to obtain a conviction. The witness need only testify that it is his belief, opinion or judgment that the accused committed the crime. . . ."

Apparently the sheriff was unable to locate and arrest Henry Rudolph."

For the reasons stated, and, since the issue was not questioned at the trial-court level where it could and should have been raised, we find no merit in the appellant's position on this point.

### Fifth Amendment Rights

It is contended that the trial court's request of the defendant that he "stand up and slide up your sweater sleeve" was a forced communication in the presence of the jury which violated the defendant's protection against self-incrimination. Keeping in mind the error-contentions urged by the defendant and the rules of law discussed above, the Fifth Amendment issue cannot now be raised if it could or should have been brought up in the appeal unless defendant was denied a fair trial through a failure or refusal to furnish him reasonable opportunity to prepare and present his case in circumstances where it would appear that a retrial could be expected to result in a different verdict and judgment.

Pitted against these requirements, the defendant's contention fails the test for the following reasons:

There is no indication in the record that the defendant did not have a fair opportunity to prepare and present his case, including an opportunity to prepare the law relative to his Fifth Amendment rights. Furthermore, there is no argument made, and we do not deem it likely that, had the defendant refused to expose his arm through assertion of his Fifth Amendment rights, the results of this case would have been different. The purpose of the court's request was to aid in the identification of the defendant. There was adequate other identification evidence and, therefore, it cannot be said that, had the defendant asserted his Fifth Amendment rights—which he did *not* do—the results would not have been the same.

We do not reach the question of whether or not defendant's voluntary compliance with the court's request to expose his arm would, under different circumstances, be violative of Fifth Amendment rights as plain error because we hold, under the facts of this case and for the reasons set out herein, post-conviction relief was not available under Wyoming statutes.

Affirmed.