**Robert John McCUTCHEON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5486.**

Supreme Court of Wyoming.

Jan. 7, 1982.

Richard Honaker, State Public Defender, Cheyenne, Gerald M. Gallivan, Director, and Steven E. Weerts, Student Director, Wyo. Defender Aid Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen., and Duane M. Kline, III, Legal Intern, Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

Appellant, John McCutcheon, was charged with burglarizing the Roadrunner Cafe in Casper on September 7, 1978, in violation of § 6–7–201(a)(i), W.S.1977, and was charged with burglarizing the garage of Casper policeman Bill Millay on September 3, 1978, also in violation of § 6–7–304, W.S.1977.

The Roadrunner Cafe burglary charge and the Millay garage burglary and concealing stolen goods charges were consolidated for trial.

Appellant's counsel moved to suppress evidence which he argues was obtained pursuant to an illegal search under the Fourth Amendment of the Constitution of the United States, and Art. 1, § 4 of the Wyoming Constitution. Argument on that motion was heard and the motion was denied. The controversial evidence was received at a trial which resulted in the conviction of the defendant on two counts of burglary and a sentence to two concurrent terms of five to eight years in the Wyoming state penitentiary.

The defendant appealed, and we affirmed the trial court in *McCutcheon v. State*, Wyo., 604 P.2d 537 (1979), reh. denied January 14, 1980.

The present proceeding was commenced by way of a pro se petition for post-conviction relief. The district court dismissed the petition without hearing on June 20, 1980. On June 24, 1980, appellant filed a notice of appeal from that order of dismissal, which notice was dismissed by the district court on August 4, 1980.

A second petition for post-conviction relief was filed which was denied on February 2, 1981, and an appeal to this court from that second denial was timely taken.

By our order dated May 5, 1981, we directed that

" * * * this appeal should be considered as the appeal from the order of the district court dismissing the appellant's first petition for post-conviction relief; * * * "

We will affirm the trial court's dismissal of the defendant's petition for post-conviction relief.

In view of the fact that the police officers failed to obtain a search warrant, the State, in the original trial of McCutcheon, relied upon the plain-view doctrine to justify the search of his car. The condition precedent to reliance upon the plain-view doctrine as grounds for a warrantless seizure is that "the initial intrusion which brings the police within plain view of such an article" is itself lawful. *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). The underlying issue in the previous *McCutcheon* case was whether the police officers had a legitimate reason for being present in the precise location where the observation of the questioned evidence was made.

Taken as a whole, the evidence convinced us and the trial court that the police officers observed the items of stolen property in question as they were passing in close proximity to McCutcheon's car while on their way to his house to "obtain further information" about the stolen property. We reasoned, therefore, that the initial intrusion was lawful.

Appellant, in this appeal, delineates the following points for our consideration:

"1. The search of appellant's vehicle violated appellant's rights under the Fourth Amendment to the United States Constitution and Article I, Section IV of the Wyoming Constitution, and the evidence obtained pursuant to that search must be suppressed.

"2. The appellant should not be barred by this court's previous decision in his appeal holding that the search involved was justified by plain view."

In *McCutcheon v. State*, supra, this same defendant raised the following two issues:

" '1. Does the plain view doctrine excuse the search of Appellant's vehicle?

" '2. Does a police Officer "search" a vehicle when he walks up a private driveway, peers into the vehicle, and visually examines the contents thereof?' " 604 P.2d at 540.

When placed side by side, the most casual observer will discern that we are here being asked to decide an issue that has previously been before us and one that has already been decided by this court.

Addressing the office of a habeas corpus petition, and particularly with respect to matters previously adjudicated, we said in *Johnson v. State*, Wyo., 592 P.2d 285 (1979), at 286:

" * * * The statute does not give a defendant the right to have the case tried over, and may not be employed as a substitute for an appeal. *Munoz v. Maschner*, supra; and *Albert v. State*, supra. * * * "

We footnoted *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), and observed that

" * * * the Ohio Supreme Court held constitutional issues cannot be considered under a post-conviction-relief statute where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before judgment of conviction or on direct appeal from that judgment. To the same effect, see *Commonwealth v. Wilson*, 444 Pa. 433, 283 A.2d 78 (1971)." 592 P.2d at 286, n. 2.

We went on to say in *Johnson v. State*, supra:

" * * * Issues disposed of on a previous appeal from the judgment of conviction cannot be reviewed by post-conviction petition since such reviews have been barred under the doctrine of res judicata.

*North v. Cupp*, 254 Or. 451, 461 P.2d 271, cert. den., 397 U.S. 1054, 90 S.Ct. 1396, 25 L.Ed.2d 670 (1969). See *Kennedy v. State*, Wyo., 443 P.2d 138 (1968). The Wyoming post-conviction statute does not afford relief from alleged errors for which remedies were available before and during the original trial. *Munoz v. Maschner*, supra." 592 P.2d at 287.

The issue raised here is whether or not the trial court erred in refusing to suppress the evidence which was obtained under the plain-view doctrine. This question was decided in the previous *McCutcheon* appeal. It is res judicata. It cannot be considered here again on petition for post-conviction relief.

The appellant here seeks to circumvent the res judicata barrier by asserting the following:

"In the supreme court, the search and seizure was justified in the majority opinion as a 'plain view' seizure and not a search, never reaching the consent issue. Moreover, while conceding that 'it is not crystal clear from the record just exactly where in the driveway the vehicle was parked and where the house was with respect to the driveway and the automobile,' (604 P.2d 537, at 541), the opinion turned on the assumption that 'Officer Snell was walking up the driveway upon which the car was parked and it was necessary to pass the automobile on his way to the house to speak with the occupant for the purpose of gaining additional information about the burglaries.'

"The facts are [sic] recited in the petition for post-conviction are clearly the opposite and for purposes of the propriety of the action of the district court in dismissing the petition for failure to state a claim they should be taken as true.

"The police went to the premises armed only with the knowledge that speakers *similar* to those stolen had been observed in appellant's car. They could have gone directly to the front door of the house without passing *within 60 feet* of the car, a distance from which they wouldn't have been able to even identify the brand of

speakers, let alone any identifying marks. Furthermore, the possibility of viewing from that distance may have been precluded by intervening shrubbery. Clearly, these facts are the opposite of those considered necessary to the court's opinion."

We want to make this court's position as clear as possible with respect to the serious issue that is being raised here.

In these proceedings, the appellant asserts that the physical facts surrounding the defendant's car—the driveway and the house, are "clearly * * * opposite" to those assumed by this court in the first *McCutcheon* case and that therefore error was committed by the trial court in *this* appeal when it dismissed the petition for post-conviction relief. With respect to these charges, we would make clear that a majority of this court, in reviewing the record in the first *McCutcheon* appeal, came to the conclusion that, *under the facts there present for our consideration*, a reasonable man or woman could conclude that the police officers, in approaching the house to make proper inquiry of the occupants, did pass and were authorized to pass in close proximity to the vehicle containing the items which were thought to be the subject of the burglaries and, from this position, were able to make the observation which is in question here. In other words, we held that, based upon the evidence before it, the court was justified in not suppressing the evidence because there was no unlawful initial intrusion.

The appellant now asks us to retry the facts of the case. A map of the premises is attached to appellant's brief which is calculated to show that the court drew the wrong conclusion in authoring the first opinion. The map is intended to indicate that the officers did not have to go up the driveway in order to gain access to the house—that they could have proceeded up a front walkway which is shown to be some 60 feet from the point where the McCutcheon vehicle was parked in the driveway.

From this, the appellant argues that *we* made a mistake in assuming the wrong facts.

The only thing we can say about this argument is that it is unfortunate the map was not made a part of the evidence in the trial where it would have meant something. It is not in evidence now, and we cannot consider it for any purpose with which we are here concerned. It is not the fault of this court that the evidence was not developed in a satisfactory way at the trial so that the record could reflect whatever facts the defendant intended the jury, the trial court and this court to consider. We cannot take evidence in this court through the briefs of the appellant! All we are permitted to consider here is the record as it came to us in the first *McCutcheon* case. Based upon this record, we held that the trial court, finding the original intrusion to be lawful, properly admitted the evidence in question. We held that then, and we hold that now.

There are other reasons why relief cannot be granted under the circumstances of this proceeding.

We said in *Johnson v. State*, supra:

"* * * Relief of the post-conviction nature will be granted only in extraordinary circumstances where there is a likelihood that without it the defendant would not have been found guilty and the probability of the miscarriage of justice is strong.", 592 P.2d at 286,

citing *Munoz v. Maschner*, Wyo., 590 P.2d 1352 (1979); and *Albert v. State*, Wyo., 466 P.2d 826, 828, reh. den. 468 P.2d 968 (1970).

We also said in *Johnson*, supra:

"To warrant a new trial under our statute, it must first appear to the court that a retrial could reasonably be expected to result in a different verdict and judgment.", 592 P.2d at 287,

citing *State v. Curran*, 10 Terry 350, 116 A.2d 782, aff'd 10 Terry 587, 122 A.2d 126, cert. denied 352 U.S. 913, 77 S.Ct. 151, 1 L.Ed.2d 120 (1955).

In the case at hand, there is not even an attempt to show that a retrial would bring about any result other than that of guilty as charged, and a review of the record

confirms that the result reached at McCutcheon's trial was and is inevitable, given the facts available to the State in that case. There is and could have been no showing of a miscarriage of justice or that the result would have been different even if such a showing had been undertaken.

In sum, we hold that the petition was properly dismissed because the same issue which we are asked to decide here has previously been decided by this court. *Johnson v. State*, supra, and authorities therein cited. The previous *McCutcheon* case is res judicata to the issue raised here. *Johnson v. State*, supra. Finally, a review of the whole record points unerringly to the conclusion that post-conviction relief would not lead to any different result on retrial. There is no indication whatever that there has been a miscarriage of justice here. See *Johnson v. State*, supra.

The order of the trial court dismissing the petition for a writ of habeas corpus is affirmed.