**Clarence Don MORGAN,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. 85–85.

Supreme Court of Wyoming.

Nov. 18, 1985.

Clarence Don Morgan, appellant, pro se.

* Retired November 1, 1985.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Thomas A. Maurer, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE,* ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant was charged with felony larceny under § 6–3–402(a) and (c)(i), W.S.1977 (June 1983 Replacement). He pled guilty to the charge and was sentenced to three to five years in the Wyoming State Penitentiary. Fourteen months after he was sentenced, appellant filed a petition for post-conviction relief under §§ 7–14–101 through 7–14–108, W.S. 1977. He appeals from the trial court's order denying his petition for post-conviction relief.

We affirm.

Although appellant's statement of the issues is somewhat disjointed, the thrust of his claim is clear. In essence, he contends that he should not have been charged with felony larceny under § 6–3–402(a) and (c)(i). He claims that he should have been charged instead with unauthorized use of an automobile under § 31–11–102, W.S. 1977.

While acknowledging appellant's statement of the issues, we find that a preliminary inquiry must be made into whether post-conviction relief was available to appellant under the circumstances of this case.

■ Under the Wyoming post-conviction statutes, only an alleged deprivation of constitutional rights can furnish grounds for relief. *Johnson v. State*, Wyo., 592 P.2d 285, 286, cert. denied 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed.2d 300 (1979). The inquiry under a statute such as ours is limited to a determination of whether or not the defendant was denied the right to be represented by counsel, to have witnesses, and to have a fair opportunity to prepare and

present his defense. *Johnson v. State,* supra.

 Appellant does not allege a denial of any of these rights. He does not claim that he was deprived of his constitutional rights in the proceedings below. His claim that he was improperly charged may not properly be raised in a proceeding for post-conviction relief. Such a claim should have been raised in a direct appeal from the conviction.

We have said that a petition for post-conviction relief will not lie where the claimed error would or should have been raised on appeal. *State ex rel. Hopkinson v. District Court,* Teton County, Wyo., 696 P.2d 54, 64 (1985); *McCutcheon v. State,* Wyo., 638 P.2d 650, 652 (1982). Post-conviction relief may not be employed as a substitute for an appeal. *Johnson v. State,* supra.

Accordingly, appellant cannot be afforded post-conviction relief.

Affirmed.

THOMAS, Chief Justice, specially concurring.

I certainly agree that the judgment of the district court in this instance is to be affirmed. The majority opinion, however, is too narrow with respect to the availability of post-conviction relief.

A part of Morgan's claim in the district court, which he also argued in this court, is that given the facts elicited as a basis for his plea of guilty, he should have been charged with a violation of § 31–11–102, W.S.1977 (June 1983 Replacement), a misdemeanor, instead of a violation of § 6–3–402(a)(c)(i), W.S.1977 (June 1983 Replacement), a felony. The misdemeanor would have been within the exclusive jurisdiction of the County Court of Natrona County, while felony jurisdiction is properly in the district court.

Lack of jurisdiction is a classic basis for collateral attack and should be a ground for relief under our post-conviction statutes, § 7–14–101 through § 7–14–108, W.S. 1977. Absence of jurisdiction must deprive a defendant of his constitutional right to

due process of law. Morgan's difficulty, however, is that factually the record does not support his position. An examination of the transcript of the arraignment proceedings, even if arguably ambiguous, demonstrates that it supports a factual determination by the district court that Morgan did plead guilty to and did admit all of the elements of the felony. Once that factual determination was made the district court properly denied post-conviction relief. On this basis I agree to affirm the case.

ROSE, J., joins in this opinion.