Kevin BIBBINS, Appellant (Petitioner),

v.

The STATE of Wyoming, Appellee (Respondent).

No. 86–282.

Supreme Court of Wyoming.

Aug. 19, 1987.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, and Carol A. Serelson, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., David K. Gruver, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This appeal is from the district court's denial of appellant's most recent post-conviction relief petition.

Appellant, Kevin J. Bibbins, states that the issues are:

1. "Did the District Court err in dismissing Appellant's petition for post-conviction relief?

2. "Was Appellant denied due process by the failure of the District Court to appoint an attorney to represent him in post-conviction relief?"

We will affirm.

On September 9, 1982, appellant was sentenced to two to six years in the Wyoming State Penitentiary for the crime of aggravated assault under § 6-4-506(b), W.S. 1977. This sentence was imposed after appellant pled guilty in a plea bargain in which the state agreed to dismiss one count of the information in exchange for the plea of guilty to the second count. Appellant did not appeal his 1982 conviction and sentence. Appellant has since filed a petition for post-conviction relief on February 9, 1984. Appellant appealed the district court's denial of his February 9, 1984, peti-

tion. This court affirmed the district court's determination in *Bibbins v. State*, Wyo., 696 P.2d 1300 (1985). Petitions for post-conviction relief were also filed on February 19, 1985, September 6, 1985, and November 20, 1985.

More recently appellant filed a petition for post-conviction relief on August 13, 1986. This petition was dismissed by the district court on September 10, 1986. Appellant's appeal is from the order dismissing his petition.

### I

Wyoming's post-conviction relief scheme is provided for in Sections 7–14–101 to 7–14–108, W.S.1977. Post-conviction relief proceedings are not available for every irregularity that may have taken place in the trial court, but are limited to cases involving a substantial denial of an accused's rights under the Constitution of the United States or of the State of Wyoming or both. § 7–14–101. See *Morgan v. State*, Wyo., 708 P.2d 1244 (1985).

The post-conviction relief statutes do not contemplate successive petitions for post-conviction relief. Section 7–14–103 provides that: "Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived." See *Boggs v. State*, Wyo., 484 P.2d 711 (1971); and *Whiteley v. State*, 293 F.Supp. 381 (D.Wyo.1968), aff'd sub nom. *Whiteley v. Warden, Wyo. State Penitentiary*, 416 F.2d 36 (10th Cir.1969), rev'd on other grounds, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

Appellant cites *State ex rel. Hopkinson v. District Court, Teton County*, Wyo., 696 P.2d 54 (1985), in support of his contention that he is entitled to file yet another post-conviction petition. In that case we stated that the case had been before us on three previous occasions and that the questions presented had been decided twice before. The court then said:

"* * * Once a matter is judicially decided, it is finally decided unless adequate reason is demonstrated to justify reopening and consideration anew. * * *" Id., at 61.

In that same case the court also said: "* * * If good cause is shown, a review is available. * * *" Id., at 65. This latter statement is not in context, and the first quotation is flimsy support for the notion that a convicted person has a right to file successive post-conviction relief petitions.

■ This case was properly resolved by reference to the court files and the opinion of this court in *Bibbins v. State*, supra. Appellant had previously filed a petition for post-conviction relief on February 9, 1984. This petition was denied by the trial court and that denial was affirmed by this court in *Bibbins v. State*, supra. Thus, issues raised in the most recent petition which were heard in the first post-conviction proceeding are res judicata. *McCutcheon v. State*, Wyo., 638 P.2d 650 (1982). We hold that appellant is not entitled to have a second post-conviction petition considered.

### II

In his second issue, appellant contends that he was "denied due process by the failure of the district court to appoint an attorney to represent him in post-conviction relief." With the filing of appellant's petition for post-conviction relief, he filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel.

Section 7–14–104 provides in part:

"* * * If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel * * *."

We are aware that after the enactment of § 7–14–104, § 7–1–110 was enacted.[1] This latter statute purports to limit the necessity of appointment counsel in post conviction cases to indigents whose cases are such that "a reasonable person with adequate means would be willing to bring at his own expense."

1. Section 7–1–110, W.S.1977, was renumbered as § 7–6–104 by the 1987 Legislature. Ch. 176, § 3,

S.L. of Wyoming.

In this opinion, we will not discuss the impact that § 7–1–110 may have on § 7–14–104. We hold that under the circumstances of this case the trial court was not required to appoint counsel to represent appellant in his most recent petition for post-conviction relief.

We pointed out in the first issue that Wyoming's post-conviction statutes do not contemplate successive petitions for relief. § 7–14–103. The trial court could readily determine from appellant's petition, files, record and our prior opinion in *Bibbins v. State*, supra, that the petition for post-conviction relief had been previously filed by appellant, that such petition had been acted on by the trial court and that the trial court's determination had been affirmed by this court. The trial court could also determine with the materials before it that in appellant's first petition he had attacked his plea of guilty. Furthermore, the trial court was aware that in his latest petition appellant was again attacking his guilty plea, albeit with a different focus. Under these circumstances the district court was not required to appoint an attorney.

Affirmed.

URBIGKIT, J., files a specially concurring opinion.

URBIGKIT, Justice, specially concurring.

In the belief that to "never say never" is propitious in recognition of the incapacity of the human mind to always anticipate what the future will portend, I generally concur except with the expectancy that the unusual and inevitable exception will occur to the definitive rule now pronounced.

In recognition of the finality in the limit of one post-conviction petition as expressly mandated by specific terms of the statute, § 7–14–103, W.S.1977, now reenacted by Ch. 157, S.L. of Wyoming 1987, it follows that the "done right, then done" standard demonstratively applies.

However, the Constitutions of Wyoming and the United States cannot be abrogated by rule, and my reservation is retained for the rare exception involving events not now foreseeable, but at least as might result from ineffectiveness of counsel *in the prior post-conviction relief petition*, previously undisclosed prosecutorial misconduct, or undisclosed perjury in the original conviction which vitiates its legitimacy. Even more obvious in current news are convictions obtained under a later invalidated statute or prosecutorial adaptation. *McNally v. United States*, ── U.S. ──, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

Due process and equal protection intrinsic to the status of free people as guaranteed by our Constitutions should not have a time constraint as long as incarceration continues. Res judicata must, however, be applied for any system of delivery of justice to work.