74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John J. ARAGON, Petitioner-Appellant,
v.
Earl WADE, Director; Attorney General of The State of New
Mexico, Respondents-Appellees.
 No. 95-2169.
(D.C.No. CIV-93-1187-C)
 United States Court of Appeals, Tenth Circuit.
 Jan. 16, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 John Aragon (Aragon) appeals from the district court's order adopting the findings and recommendations of the United States Magistrate Judge and dismissing his 28 U.S.C. 2254 petition for a writ of habeas corpus without prejudice.
 
 
 3
 Aragon and his former wife, Mary Beth Tidwell, were divorced on December 16, 1987, in the district court for Bernalillo County, New Mexico. The divorce decree required that Aragon pay child support for the two children born of the marriage. The decree also divided the community property, including a proviso for a contract to manage as tenants-in-common the parties' real estate investments. Disputes arose concerning the child support payments and management of the real estate investments, resulting in further litigation. At all times, Tidwell was represented by counsel, whereas Aragon appeared pro se.
 
 
 4
 At issue here is an order of the state district court dated July 6, 1993, which found that Aragon had not complied with the court's prior order of May 17, 1993, although he could have. That order also found that Aragon was in "civil contempt" for failing to pay child support from the time of a June 17, 1992, order, and it set out certain conditions Aragon was required to satisfy in order to purge that contempt. The order included a proviso that Aragon was to serve workday release confinement unless he paid $700.00 per month in child support and until he obtained full-time employment, etc. This incarceration was to continue until Aragon signed an affidavit swearing that he would diligently seek and obtain employment and pay child support.
 
 
 5
 On October 12, 1993, while Aragon was still incarcerated under the state civil contempt order, he filed this 28 U.S.C. 2254 petition for a writ of habeas corpus, challenging the state district court's contempt judgment dated July 6, 1993. Aragon contended that (1) there was no legal authority for the state district court to jail him for refusing to sign a document that would convert a civil case to a criminal case and entrap him into committing a criminal offense, in violation of the Fourteenth Amendment, and (2) the order was jurisdictionally defective and violative of the Sixth Amendment. The respondents answered, asserting that Aragon had not exhausted the grounds he raised to challenge the July 6, 1993, order in the New Mexico Supreme Court.
 
 
 6
 The magistrate judge found that because state habeas corpus proceedings were still available to Aragon, he must pursue a state habeas action through the state district court to the New Mexico Supreme Court. Aragon filed his objection to the magistrate's recommendation and contended, as he does here, that because the New Mexico Supreme Court had, in a prior direct appeal, held that all contempts imposed upon Aragon for nonpayment of child support are "civil contempts," it would be futile for him to successfully raise in state court the contention that the state district court had transformed his case into a criminal case, requiring the appointment of counsel to represent him and providing him a jury trial.
 
 
 7
 The question of whether a petitioner has exhausted remedies available in state courts is a question of law to be reviewed de novo. See Whiteley v. Meachum, 416 F.2d 36 (10th Cir.1969).
 
 
 8
 State remedies have not been exhausted until all procedures available under state law to raise a petitioner's claims have been used. 28 U.S.C. 2254(c) (1988). The habeas petitioner does not satisfy the exhaustion requirement by simply pointing out that all of the facts necessary to support his federal claims were before the state courts; rather, the petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Anderson v. Harless, 459 U.S. 4, 6 (1982). In reviewing a claim of non-exhaustion of remedies, federal courts apply the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). And in Duckworth v. Serrano, 454 U.S. 1, 2 (1981), the Court observed that the exhaustion of remedies requirements "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct violations of prisoners' federal rights." In Rose, 455 U.S. 509, the Court adopted a rule which requires dismissal of a habeas petition which contains a mixture of exhausted and unexhausted claims.
 
 
 9
 Nothing in the record in this case reflects that Aragon has presented to the New Mexico Supreme Court his claim that the state district court lacked authority to place him in confinement until he signed an affidavit acknowledging certain responsibilities for support and maintenance of his children. We reject Aragon's contention that Niemyjski v. Niemyjski, 646 P.2d 1240 (N.M.1982) would preclude him from obtaining the relief he seeks because, based on Niemyjski, the New Mexico Court of Appeals rejected his contention that he was entitled to counsel and a jury before he could be punished with imprisonment for contempt of court.
 
 
 10
 We affirm substantially for the reasons set forth in the "Magistrate Judge's Proposed Findings and Recommended Disposition" filed May 5, 1995.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties