UNITED STATES COURT OF APPEALS
**Filed 10/10/96**
FOR THE TENTH CIRCUIT

MARVIN J. BOUWKAMP, II,

      Petitioner-Appellant,

v.

DUANE SHILLINGER and THE
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

      Respondents-Appellees.

No. 95-8063
(D.C. No. 93-CV-227)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Marvin J. Bouwkamp, II, appearing pro se, appeals from the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]

A review of the record on appeal, which consists only of the papers and exhibits filed in federal district court, reveals the following.  Bouwkamp was convicted in a Wyoming state court on January 26, 1990, of first degree murder, and subsequently received a sentence of life in prison.  In a direct appeal to the Wyoming Supreme Court, he raised three issues: (1) the trial court's refusal to give his theory of the case instruction, (2) the propriety of the instruction regarding felony murder, and (3) sufficiency of the evidence.  R., doc. 1 at 6-7 (petitioner's response to question 16(A)(3)); see also Bouwkamp v. State, 833 P.2d 486, 488 (Wyo. 1992).  His conviction was affirmed.  Id., 833 P.2d at 496.

Bouwkamp thereafter filed in the trial court a petition for post-conviction relief ("post-conviction petition"), attacking his conviction on a number of additional grounds, including ineffective assistance of both trial and appellate

---

[1]     Bouwkamp filed his petition in the district court on August 10, 1993;  he filed his notice of appeal on September 22, 1995;  and a certificate of probable cause was issued by this court on March 25, 1996.  Under these facts, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed into law on April 24, 1996, does not apply to this case.  See Edens v. Hannigan, 87 F.3d 1109, 1111 n. 1 (10th Cir. 1996).

counsel.[2]  In conjunction with his post-conviction petition, Bouwkamp also filed a motion for discovery, seeking information (records, reports, statements, transcripts, even physical evidence) which he claimed was necessary to brief properly the issues in his post-conviction petition.  R., doc. 6, ex. B at 5.  The state court denied his petition and his motion for discovery, finding in part:

> 1.  Except regarding the claim for ineffective appellate counsel, Defendant's claims in his Petition are barred pursuant to W.S. 7-14-103 because said claims could have been raised at trial or on direct appeal following trial;
>
> 2.  Defendant was not denied effective assistance of counsel.  There is nothing of record to indicate performance of Defendant's counsel at trial or upon appeal was constitutionally defective nor is there any showing of actual prejudice;
>
> 3.  An evidentiary hearing is not warranted nor is it required herein because Defendant has made bare allegations unsupported by deposition or affidavit.  Additionally, there is no reason to believe credible evidence now exists that was unavailable at the time of trial;

R., doc. 8, ex. G at 1.

---

[2]      The issues raised in the post-conviction petition were as follows:  (1) denial of the right to a unanimous jury verdict, (2) improper comments by the prosecutor, (3) denial of a fair and impartial jury, (4) improper introduction of evidence of prior convictions, (5) improper denial of change of venue, (6) improper admittance of photographs, (7) denial of a fair preliminary hearing and insufficient evidence to bind over for trial, (8) violation of arraignment rights, (9) ineffective assistance of trial counsel, (10) failure of trial judge to advise petitioner of his constitutional rights, and (11) ineffective assistance of appellate counsel.  R., doc. 6, ex. A at 2-4.

Bouwkamp sought review of the dismissal in the Wyoming Supreme Court. In his petition for writ of review ("petition for review"), Bouwkamp claimed that (1) the dismissal of his post-conviction petition without an opportunity for discovery and further briefing was an abuse of discretion, (2) the dismissal of his post-conviction petition denied him due process, equal access to the courts, and fundamental fairness, and (3) Wyoming's post-conviction relief scheme was unconstitutional. R., doc. 6, ex. C at 2-4. The Wyoming Supreme Court summarily denied the petition. R., doc. 8, ex. E.

On August 10, 1993, Bouwkamp filed this petition for federal habeas relief, asserting all of the issues raised in his direct appeal, all of the issues raised in his post-conviction petition, and all of the issues raised in his petition for review. R., doc. 1 at 6-12. By order dated June 30, 1994, the magistrate alerted Bouwkamp to the requirement that he exhaust state remedies, and sought documentation concerning exhaustion and further factual support for Bouwkamp's claims. After reviewing Bouwkamp's response, the magistrate concluded that Bouwkamp's ineffective assistance of counsel claims[3] had not been raised before the Wyoming

---

[3] In his response, Bouwkamp recast all of the claims in his post-conviction petition as part of his ineffective assistance claims. R., doc. 6 at (i) & 4. The magistrate assumed, for purposes of his recommendation, that all of these claims "were meant to be brought under petitioner's general allegations of ineffective assistance of counsel and appellate counsel in his Petition for Post Conviction Relief." R, doc. 7 at 4.

Supreme Court, R., doc. 7 at 4, and recommended that the habeas petition be dismissed without prejudice as a mixed petition, id. at 5-6. Bouwkamp objected to the recommendations, taking the position that he met the exhaustion requirement with respect to his ineffective assistance claims by attaching a copy of his post-conviction petition to his petition for review. The district court disagreed and adopted the magistrate's report and recommendation.[4]

On appeal,[5] Bouwkamp continues to argue that he did satisfy the exhaustion requirement with respect to the claims included in his post-conviction petition. The state, appearing for the first time on appeal, see Respondent's Br. at 8,

_____

[4] Although not explicit in the district court's order of dismissal, R., doc. 10 at 7, we assume the dismissal was without prejudice since the court adopted the magistrate's report, id., which, citing Rose v. Lundy, 455 U.S. 509, 510 (1982)(premised on the notion that the dismissal of a mixed petition leaves the petitioner free to return to state court to exhaust his unexhausted claims or to amend or resubmit the federal habeas petition to present only exhausted claims), R., doc. 7 at 5, explicitly recommended dismissal without prejudice, id. at 6.

[5] As a preliminary matter, we have before us Bouwkamp's so-called "Motion to Incorporate the Records," which we understand to be a request to supplement the record on appeal with two documents that were filed during the course of the state court proceedings. In particular, Bouwkamp seeks to include the state's "Memorandum in Support of Motion to Dismiss [appellant's state post-conviction petition] and Objection to Motion for Discovery" and the state's "Response in Opposition to [appellant's] Petition for Writ of Review." We note that the latter document is already part of the record. See R., doc. 8, ex. F. With respect to the former document, "[n]ormally we do not consider on appeal materials not furnished to the district court." Martinez v. Mafchir, 35 F.3d 1486, 1492 n.6 (10th Cir. 1994). In this case, however, the state has not opposed the motion and the document does not change our analysis in any way. Accordingly, Bouwkamp's motion is granted.

maintains that he did not.  In the alternative, the state asserts that the dismissal of petitioner's ineffective assistance claims could be affirmed on the grounds of procedural default.

In habeas proceedings, we review a district court's legal conclusions in dismissing a petition de novo, Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993), "'although findings of fact underlying mixed questions [of law and fact] are accorded the presumption of correctness,'" Harvey v. Shillinger, 76 F.3d 1528, 1532-33 (10th Cir.)(quoting Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir. 1992)), cert. denied, ___ S. Ct. ____, 1996 WL 455500 (U.S. Oct. 7, 1996)(No. 96-5493).  We recognize that a pro se litigant is held to less stringent standards than those applicable to a licensed attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, he "'must follow the same rules of procedure that govern other litigants.'" Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994)(quoting Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993)).

It is well established, as a matter of comity, that federal courts should ordinarily refrain from considering habeas claims until a state prisoner exhausts available state remedies, Picard v. Connor, 404 U.S. 270, 275 (1971), and that habeas petitions containing both exhausted and unexhausted claims should be

dismissed, <u>Rose v. Lundy</u>, 455 U.S. at 510. The exhaustion requirement is satisfied when a state appellate court has had the opportunity to rule on the same claim presented in federal court, or when the petitioner has no available state avenue of redress. <u>Miranda v. Cooper</u>, 967 F.2d 392, 398 (10th Cir.)(citations omitted), <u>cert. denied</u>, 506 U.S. 924 (1992). The latter circumstance includes situations where a petitioner has forfeited review of his claim in state court by a procedural default under state law. <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989); <u>Engle v. Isaac</u>, 456 U.S. 107, 124-25 n.26 (1982); <u>Ballinger v. Kerby</u>, 3 F.3d at 1374 n.1.

In this case, we agree with the district court's conclusion that Bouwkamp's ineffective assistance claims were never presented to the Wyoming Supreme Court. Although Bouwkamp filed a petition for review in the wake of the denial of his post-conviction petition, he did not present the same claims for appellate review. In his petition for review, Bouwkamp challenged not the legality of his conviction, but the propriety of the dismissal of his post-conviction petition and the constitutionality of Wyoming's post-conviction scheme generally. <u>See</u> R., doc. 6, ex. C. Nowhere in the petition did he ask the court to review the claims contained in his post-conviction petition. On the contrary, his only explanation for appending a copy of his post-conviction petition to his petition for review was that "[t]he basic facts are spelled out [therein]." <u>Id.</u> at 2. That is simply not

enough to constitute the fair presentment which would satisfy the exhaustion requirement. Anderson v. Harless, 459 U.S. 4, 6 (1982)("not enough that all the facts necessary to support the federal claim were before the state courts") (citations omitted).[6]

Although Bouwkamp's claims were not exhausted by fair presentment to the Wyoming Supreme Court, our review of the record and applicable Wyoming law persuades us that Bouwkamp's unexhausted claims would now be procedurally barred in state court. Wyo. Stat. § 7-14-103(a)(iii) provides that "[a] claim under [the state's post-conviction relief act] is procedurally barred and no court has jurisdiction to decide the claim if the claim . . . [w]as decided on its merits or on procedural grounds in any previous proceeding which has become final." That is clearly the case here. The state trial court found that all of the claims in Bouwkamp's post-conviction petition, except the claim for ineffective appellate counsel, were barred on procedural grounds, and further disposed of the

---

[6] We do not agree with Bouwkamp that the Wyoming Supreme Court, in its order denying his petition for review, "adopted" the lower court's order dismissing his post-conviction petition. Appellant's Br. at 7. The only fair reading of the state court's order is that the court "fully considered" the petition for review. R., doc. 8, ex. E. Nor do we agree (to the extent it might be relevant) that the state's response to Bouwkamp's petition for review evidences its understanding that he was asking the court to review the issues raised in his post-conviction petition. The arguments set forth in the state's response bear directly on the issue of the propriety of the district court's action in dismissing the petition. See R., doc. 8, ex. F.

ineffective assistance claims on the merits.  R., doc. 8, ex. G at 1.  Bouwkamp's time for seeking appellate review of these rulings, <u>see</u> Wyo. Stat. § 7-14-107 (allowing for review on writ of certiorari), has long since expired, <u>see</u> Wyo. R. App. P. 13.03 (requiring a petition for writ of review within eleven days after entry of the order from which relief is sought).  The Wyoming post-conviction relief statute also provides that "[n]o petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered." Wyo. Stat. § 7-14-103(d).  We have no reason to suspect that the Wyoming courts would not apply the plain language of their statutes.  <u>See, e.g.</u>, <u>Bibbins v. State</u>, 741 P.2d 115, 116 (Wyo. 1987)(in applying an earlier and less restrictive incarnation of Wyoming's post-conviction statute, the court noted that the statutes "do not contemplate successive petitions for post-conviction relief").

Nor could Bouwkamp satisfy the exhaustion requirement through the state habeas process.  In Wyoming, the remedies available through state habeas corpus are not coextensive with the relief provided under the post-conviction statutes. <u>See</u> <u>State ex rel. Hopkinson v. District Court</u>, 696 P.2d 54, 60 (Wyo.), <u>cert. denied</u>, 474 U.S. 865 (1985).  State habeas relief is limited to situations where the trial court acted wholly outside its jurisdiction.  <u>Id.</u>  Accordingly, we conclude that Bouwkamp's ineffective assistance claims are now barred under Wyoming law and therefore exhausted by virtue of his procedural default.  <u>See</u>  <u>Dulin v.</u>

Cook, 957 F.2d 758, 759 (10th Cir. 1992)(prisoner's failure to seek discretionary relief from the state supreme court in a state post-conviction proceeding constituted a failure to exhaust, which became procedural default upon the expiration of the time within which the petitioner could have sought review).

Because Bouwkamp's habeas petition is not a "mixed" petition, the district court must permit him to proceed. On remand, however, federal habeas review of his defaulted claims is barred "unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The judgment of the United States District Court for the District of Wyoming is REVERSED, and this case is REMANDED for further proceedings consistent with this order and judgment.

The mandate shall issue forthwith.


                                        Entered for the Court


                                        John C. Porfilio
                                        Circuit Judge