Clifford BOGGS, Appellant
(Petitioner below),

v.

STATE of Wyoming, Appellee
(Respondent below).

No. 3903.

Supreme Court of Wyoming.

May 7, 1971.

————◆————

Edward P. Moriarity of McClintock, Mai, Urbigkit & Moriarity, Cheyenne, for appellant.

James E. Barrett, Atty. Gen., William L. Kallal, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

The petitioner filed an application for post-conviction relief in which he alleged he was denied his constitutional right to a speedy trial because of prearrest delay. This is an appeal from an order of the district court granting the respondent's motion to dismiss the petitioner's amended application for post-conviction relief.

Petitioner had been previously sentenced for the felony of forgery and as a habitual offender in September of 1962. The petitioner filed an application for writ of habeas corpus with the district court, and, upon the cause being heard August 11, 1965, the petitioner was ordered released and discharged. Upon his release from prison he was immediately placed in custody pursuant to an order of the Fremont County authorities. He was charged with five counts of forgery and as a habitual offender under

provisions of § 6–10, W.S.1957, as allegedly having been previously convicted of five felonies. The 1965 charges concerned forged and counterfeit checks alleged to have been issued by the petitioner in May and June of 1962, which was approximately the same time he was alleged to have issued the forged and counterfeit check which was the subject of the 1962 criminal case. The Fremont County authorities knew of, and had been holding, the five checks for some 38 months without having commenced a criminal action against the petitioner and without having proceeded to trial against the petitioner on the alleged criminal acts.

On September 10, 1965, petitioner, accompanied by his attorney, appeared before the district court and pled guilty to one of the forgery counts and the habitual offender count. Petitioner was sentenced to life imprisonment.[1]

On June 9, 1969, petitioner filed an application for post-conviction relief pursuant to §§ 7–408.1 to 7–408.8, W.S.1957. The application alleged the Fremont County authorities had been holding the checks, which were the basis of the 1965 charge against him, for three years without having commenced a criminal action against him. The petitioner contended that the procedure was greatly prejudicial to him and denied him (a) a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and § 10, Art. 1 of the Wyoming Constitution; and (b) due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and § 6, Art. 1 of the Wyoming Constitution. Petitioner's application relied on the pleadings, exhibits, transcripts and entire record in the two aforesaid criminal cases. The petitioner requested an evidentiary hearing on the contents and merits of the application.

The respondent filed a motion to dismiss on the grounds (1) that the petition did not state a cause of action for which relief could be granted; and (2) that petitioner had not alleged or shown any prejudice. A memorandum brief in support of the respondent's motion to dismiss was filed, as was petitioner's memorandum in opposition to respondent's motion to dismiss. The motion was heard before the district court upon briefs and oral argument on December 31, 1969, and on January 9, 1970, the trial court issued its memorandum opinion. In due course an order was entered granting the respondent's motion to dismiss the application for post-conviction relief on the grounds and for the reasons that the petitioner had not stated a cause of action for which relief could be granted, and that the petitioner had not alleged or proved that he was prejudiced in any way by the alleged delay. The order further provided that the petitioner was granted the right to file an amended petition for post-conviction relief.

The petitioner filed his amended application for post-conviction relief on March 31, 1970. The amended application contained the same allegations as contained in the original application, together with an additional allegation that the petitioner was deprived of the credit for the time spent in prison on the first sentence. Subsequent thereto the Board of Charities and Reform agreed to give the petitioner credit for the time spent on the prior sentence and the petitioner agreed that these grounds of prejudice have been alleviated, and thus this question is not raised on appeal.

The respondent filed a motion to dismiss the amended application for post-conviction relief on the ground that nothing contained in the amended application relates to or raises any contention of a substantial denial of the petitioner's rights under either the United States Constitution or the Wyoming Constitution. The parties requested the trial judge to rule on the record without

1. Section 6–10, W.S.1957, provides that "Every person convicted in this state of a felony who shall previously have been three times convicted of a felony, whether in this state or elsewhere, shall be punished by imprisonment in the state penitentiary for not less than life; * * *."

further argument, with the petitioner relying on his original statement and brief.

On May 1, 1970, the trial court issued its memorandum opinion in which it stated, " \* \* \* There is no suggestion of purposeful delay by the State, and it seems to me that the defendant has surely waived any claim of deprivation by his guilty plea." The court also said, "As I have tried to indicate in the previous memorandum, his case does not fall within the guidelines of those exceptional cases which have caused the courts to depart from the general rule applying the speedy trial requirement only to the interval following the commencement of criminal proceedings." The memorandum opinion of May 1, 1970, made reference to the memorandum opinion of January 9, 1970, and the parties agreed that both memorandum opinions should be reviewed on appeal since they explain the trial court's rationale in the matter.

On May 22, 1970, the court entered its order granting the motion to dismiss after finding that the respondent's motion should be granted in accordance with the memorandum opinion rendered under date of May 1, 1970, and incorporated therein. The appeal is from the order granting the motion to dismiss the amended application for post-conviction relief.

The petitioner argued that the trial court erred when it found (1) that the petitioner did not allege nor did he prove substantial prejudice because of the violation of his constitutional rights to a speedy trial; (2) that the petitioner's case does not fall within the guidelines of those exceptional cases causing the courts to depart from the general rule which applies the speedy trial requirements only to the interval following the commencement of criminal proceedings; and (3) that the petitioner waived any claim of deprivation of his constitutional rights when he pled guilty. The petitioner asked that the matter be sent back to the trial court for an evidentiary hearing.

■ The Sixth Amendment right of an accused to a speedy trial is made obligatory upon the states by the Fourteenth Amendment. Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. However, that case did not decide whether the speedy trial provisions apply to prearrest delays. This is still an unsettled area of the law. Mr. Justice Brennan, in his concurring opinion in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564 at 1573, 26 L.Ed.2d 26, discusses the question at some length. After discussing the question of whether the speedy trial guarantee applies to all delays between a defendant's arrest and his sentencing, Mr. Justice Brennan said:

"The applicability of the safeguard to delays occurring *before* arrest or indictment poses a more difficult question. A few courts have reasoned that the language of the Sixth Amendment precludes its application then, and prior to arrest or indictment not all of the interests protected by the right are threatened. The accused suffers no preconviction penalty, since his freedom is not impaired by actual imprisonment or conditioned release. He suffers none of the personal or social disabilities that flow from public accusation. And, so far as society's interest in the effective prosecution of criminal cases is concerned, delay on the government's part need not impair its ability to prove the defendant's guilt beyond a reasonable doubt.

"Deliberate governmental delay designed to harm the accused, however, constitutes abuse of the criminal process. It lessens the deterrent value of any conviction obtained. And it very probably reduced the capacity of the accused to defend himself; unlike the prosecution, he may remain unaware that charges are pending and thus fail to take steps necessary to his defense. Accordingly, some of the interests protected by the Speedy Trial Clause can be threatened by delay prior to arrest or indictment. Thus, it may be that for the purposes of the Clause to be fully realized, it must apply to any delay in the criminal process which occurs after the government decides to prosecute and has sufficient evidence for arrest or indictment.

"Some lower courts have held that the applicable statute of limitations provides the exclusive control over governmental delay prior to arrest or indictment. See e. g., United States v. Panczko, 367 F.2d 737, 739 (C.A. 7th Cir. 1967), which found delay in bringing charges 'limited *only* by the statute of limitations.' We said in [United States v.] *Ewell, supra,* 383 U.S. [116] at 122, 86 S.Ct. [773] at 777, [15 L.Ed.2d 627] that 'the applicable statute of limitations * * * is usually considered the primary guarantee against bringing overly stale criminal charges.' Such legislative judgments are clearly entitled to great weight in determining what constitutes unreasonable delay. But for some crimes there is no statute of limitations. None exists, for example, in prosecutions of federal capital offenses, 18 U.S.C. § 3281 (1969). And, even when there is an applicable statute, its limits are subject to change at the will of the legislature, and they are not necessarily coextensive with the limits set by the Speedy Trial Clause.

Judge Wright, concurring in the result in Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808, 813 n. 4 (1963), observed: 'The legislature is free to implement the [speedy trial] right and to provide protections greater than the constitutional right. But the minimum right of the accused to a speedy trial is preserved by the command of the Sixth Amendment, whatever the terms of the statute.' Cf. *Nickens, supra,* at 810 n. 2."

See also the discussion on this point in Acree v. United States, 10 Cir., 418 F.2d 427, 429.

The California Supreme Court has recently held that the right to speedy trial applies to prearrest delays. Jones v. Superior Court of Los Angeles County, 3 Cal. 3d 734, 91 Cal.Rptr. 578, 478 P.2d 10, 13.

Wyoming has no statute of limitations as to the commencement of criminal proceedings.[2] A "Comment" in V Land & Water L.Rev. at 179, suggests that the Wyoming legislature enact a statute of limitations.

■ We are called upon to determine whether or not the petitioner was entitled to an evidentiary hearing. Before a person is entitled to an evidentiary hearing he must present initially a substantial claim, and some specificity is required. An application is properly denied without a hearing where it states only bald legal conclusions with no supporting factual allegations. Eaton v. United States, 9 Cir., 384 F.2d 235, 237. Here there were no factual allegations supporting the contention which was in conclusory form. The law does not grant an absolute right to an evidentiary hearing on the application. Plaster v. United States, 5 Cir., 381 F.2d 578, 580; United States v. Cooper, 5 Cir., 410 F.2d 1128, 1130, cert. den., 400 U.S. 868, 91 S.Ct. 111, 27 L.Ed.2d 107.

■ Where there are insufficient factual allegations in support of an application to warrant an evidentiary hearing, it is usually better practice to permit the petitioner to amend his petition than to dismiss it. Oliver v. United States, 9 Cir., 398 F.2d 353. Here the trial court afforded the petitioner an opportunity to amend his application. However, the amended application did not contain any allegations supporting the petitioner's conclusory contentions.

The petitioner alleged the three-year delay in the commencement of the criminal proceeding was "greatly prejudicial" to him.

2. Until February 11, 1969, Wyoming had statutory provisions (§§ 7–234 and 7–235, W.S.1957) requiring that a person committed to prison shall be brought to trial before the end of the second term of court, (two terms per year), and one who is out on bail must be brought to trial before the end of the third term. These sections were interpreted as making effective § 10, Art. 1, Wyo.Const., guaranteeing a speedy trial, and constituted legislative declaration of what is a reasonable delay. As of February 11, 1969, these statutes were superseded by Rule 45, W.R.Cr.P., which rule is the same as Rule 48 of the Fed.Rules Cr. Proc.

He did not show where or how the delay was prejudicial to him. He mentioned no evidence that has or may have disappeared or been lost. No allegation was made that his memory or that of witnesses had faded, or that he was unable to locate witnesses. There was no contention of a purposeful delay or unjustified postponement, or that the delay was a deliberate choice by the State for its own advantage. There was evidence that the defendant had told a deputy sheriff at the time of his arrest in 1962 about all the checks he had outstanding, which tends to show the defendant knew of the checks for which he was charged in the 1965 proceeding. We recognize that a pre-arrest delay may impair the capacity of the accused to prepare his defense, but in this case we think the delay itself does not raise the presumption of prejudice. The petitioner had the burden of alleging more than the mere conclusion that he was "greatly prejudiced" to be entitled to an evidentiary hearing.

In the memorandum brief of the respondent in support of the motion to dismiss the original application, the respondent contended that if the petitioner was entitled to the protection of the speedy trial provisions of the constitution he waived such right by voluntarily entering a plea of guilty. In its memorandum opinion dismissing the petitioner's amended application, the trial court found the defendant had waived any claim of deprivation by his guilty plea.

██ The petitioner argued, for the first time in this court, that the trial court had a duty to advise the petitioner of his right to speedy trial and the court failed to do so, and that he did not know of such right. As we have said, even as of this date it is not clear whether the speedy trial pro-

visions apply to prearrest delays. On September 10, 1965, the date the petitioner entered his guilty plea, there appeared to be no cases in which such contentions were made. At least we are unable to find any cases, and petitioner cites no cases or points out any authority to us. Thus, we are not convinced that on September 10, 1965, petitioner, under the circumstances present in this case, had a right to speedy trial provisions or the trial court had a duty to so advise him.

It should also be pointed out the petitioner did not raise the question of whether or not the trial court had a duty to advise the defendant of his right to speedy trial in either application for post-conviction relief. We have held many times that a point not raised in the trial court will not be considered on appeal. Moore v. Kondziela, Wyo., 405 P.2d 788, 791; Gerdom v. Gerdom, Wyo., 444 P.2d 34, 36; Beckle v. Beckle, Wyo., 452 P.2d 205, 209.

Also, under our post-conviction statute, § 7–408.3, W.S.1957, (1969 Cum.Supp.), "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."

We have carefully examined the record and we are convinced the trial court acted fairly towards the petitioner and gave him every opportunity to show to the court where, under the post-conviction remedies, he was entitled to relief. We find the petitioner wholly failed to set forth in either application sufficient information to be entitled to an evidentiary hearing, and the trial court properly granted the respondent's motion to dismiss.

Affirmed.

GRAY, J., not participating.