**James R. BOYD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 87–200.**

Supreme Court of Wyoming.

Dec. 31, 1987.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Carol A. Serelson, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., David K. Gruver, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

BROWN, Chief Justice.

This criminal appeal is the most recent addition to the ever-growing number of cases based on the post-conviction relief statutes. Appellant James Boyd appeals an order denying his motion to file a second petition for post-conviction relief. Appellant did not request the assistance of counsel in either his first or second attempts to use the post-conviction statutes. He now raises the following issues, framing them as affirmative statements:

"I. The district court erred in denying appellant's motion to file a petition for post-conviction relief.

"II. Appellant was denied due process by the failure of the district court to advise him of his right to request an attorney to represent him in post-conviction proceedings.

"III. The injustice of appellant's case is such that he should be permitted to file a petition for post-conviction relief."

We affirm.

On December 22, 1984 and again on January 1, 1985, appellant was charged with burglary.[1] After a proper arrest he was found to be indigent and received the assistance of court-appointed counsel from the Public Defender's Office. On January 24, 1985, an information charging the two burglary counts was filed in district court.

At a February 12, 1985 arraignment, appellant pled not guilty by reason of mental deficiency. He was sent to the State Hospital where an examination revealed no mental illness or deficiency. On April 3, 1985, appellant moved the trial court to change his plea to guilty pursuant to a plea bargain. On April 10, he pled guilty to one count of burglary and to an additional count of criminal entry.[2] After a pre-sentence investigation and a hearing, appellant was sentenced to not less than four nor more than eight years in the State Penitentiary and a $1,000 fine on the burglary conviction, and six months and a $500 fine on the criminal entry conviction. The latter jail sentence was ordered to be served concurrently.

On January 22, 1986, appellant filed a petition for post-conviction relief under §§ 7–14–101 through 7–14–108, W.S.1977,[3] alleging: trial court noncompliance with Rule 15, Wyoming Rules of Criminal Procedure, improper testimony at the sentencing hearing, and ineffective assistance of counsel. At the same time, appellant filed a motion to proceed in forma pauperis. Appellant did not request the assistance of counsel with the petition or subsequent proceedings. The trial court entered an

---

1. See § 6–3–301(a), W.S.1977 (June 1983 Replacement), now codified in Cum.Supp.1987.

2. See § 6–3–302, W.S.1977 (June 1983 Replacement).

3. These statutes are now codified in the June 1987 Replacement.

order denying the petition on January 30, 1986. There was no appeal from this order.

Appellant filed a motion to file a second petition for post-conviction relief on May 13, 1987. This motion made no claims of error and admitted that the earlier petition was "fatally defective" and "properly denied." The state responded and the trial court scheduled a hearing. As before, appellant did not request the assistance of counsel.[4]

The trial court heard arguments on the motion and denied it in a July 6, 1987, order. The basis for denial was the plain language of § 7-14-103, W.S.1977, which provides:

"Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." [5]

It is from the July 6, 1987, order that appellant appeals.

Recently, in *Bibbins v. State*, Wyo., 741 P.2d 115, 116 (1987), we held:

"Wyoming's post-conviction relief scheme is provided for in Sections 7-14-101 to 7-14-108, W.S.1977. Post-conviction relief proceedings are not available for every irregularity that may have taken place in the trial court, but are limited to cases involving a substantial denial of an accused's rights under the Constitution of the United States or of the State of Wyoming or both. § 7-14-101. See *Morgan v. State*, Wyo., 708 P.2d 1244 (1985).

"The post-conviction relief statutes do not contemplate successive petitions for post-conviction relief. Section 7-14-103 provides that: 'Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived.' See *Boggs v. State*, Wyo., 484 P.2d 711 (1971); and *Whiteley v. State*, 293 F.Supp. 381 (D.Wyo.1968), aff'd sub nom. *Whiteley v. Warden, Wyo. State*

*Penitentiary*, 416 F.2d 36 (10th Cir. 1969), rev'd on other grounds, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971)."

This case is governed by the same reasoning. Cf. *Commonwealth v. Hagood*, — Pa. —, 532 A.2d 424, 426 (1987).

Appellant was obliged under § 7-14-103 to raise all of his claims in the first petition. He could also seek to amend that petition before it was ruled upon. § 7-14-105, W.S.1977. After its denial he could have appealed to this court. He did none of these things. Based on these circumstances, the issues raised in the January 22, 1986, petition are res judicata and a second petition will not be allowed. This holding also precludes addressing appellant's remaining issues.

Affirmed.

THOMAS, Justice, specially concurring.

I agree with the disposition of this case in accordance with the opinion of the court. Boyd's effort strikes me, however, as a rather bold attempt to evade the rules of waiver and res judicata which we apply in such instances. Presumably, if the trial court somehow had granted this motion seeking leave to file a second petition for post-conviction relief, Boyd would have assumed that he could pursue his second petition. I have been unable to locate any statute or rule which grants a district court jurisdiction to entertain a motion such as this, and I would affirm the trial court because it had no jurisdiction to afford the specific relief sought in the motion.

---

**4.** Appellant was offered legal "participation" on his behalf from a fellow inmate named Charles Pote (NLG). The trial court denied Mr. Pote's offer because he is not a licensed attorney in the State of Wyoming.

**5.** Section 7-14-103 as codified in the June 1987 Replacement contains identical language.