# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 68

APRIL TERM, A.D. 2022

June 8, 2022

PAUL MICHAEL HARNETTY,

Petitioner,

v.

THE STATE OF WYOMING,

Respondent.

S-21-0150

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Petitioner:*
Eric K. Klein, Johnson & Klein, PLLC, Boulder, Colorado; Devon W. Petersen, Fleener Petersen, LLC, Laramie, Wyoming. Argument by Mr. Klein.

*Representing Respondent:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Samuel Williams, Senior Assistant Attorney General. Argument by Mr. Williams.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

*GRAY, J., delivers the opinion of the Court; BOOMGAARDEN, J., files a concurring in part and dissenting in part opinion.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Paul Michael Harnetty was an obstetrician/gynecologist in Casper, Wyoming.  A jury convicted him of sexually assaulting two of his patients.  We affirmed his conviction on appeal.  *Harnetty v. State*, 2019 WY 21, ¶¶ 1–3, 435 P.3d 368, 369–70 (Wyo. 2019).  On April 20, 2020, Mr. Harnetty filed a Petition for Postconviction Relief citing numerous alleged failures of trial and appellate counsel.  He also claimed his investigator—in post-appellate interviews—discovered evidence of juror misconduct.  He submitted the investigator's affidavit attesting to jurors' interview statements.  Prior to an evidentiary hearing on his claims, the State moved for summary judgment which the district court granted on the issue of juror misconduct.  Mr. Harnetty claims the district court erred in granting the State summary judgment on Mr. Harnetty's claim of juror misconduct without proceeding to an evidentiary hearing.  Mr. Harnetty petitioned for writ of review, which was granted.  We affirm.

## *ISSUES*

[¶2]    The issues are:

> 1.    Did the district court lack jurisdiction to consider the juror misconduct claim because it was procedurally barred?
>
> 2.    Did the district court err in granting summary judgment to the State without holding an evidentiary hearing on Mr. Harnetty's post-conviction claim of juror misconduct?

## *FACTS*

[¶3]    In January 2017, the State charged Mr. Harnetty, then a doctor in Casper,[1] with twelve counts of inappropriate sexual conduct with six of his patients.  *Harnetty*, ¶ 12, 435 P.3d at 371.  Two counts were not bound over to the district court and two counts were dismissed by the State at trial.  *Id.* ¶ 13, 435 P.3d at 371.  The jury convicted Mr. Harnetty on two of the remaining charges—one count of second-degree sexual assault against patient K.L. and one count of second-degree sexual assault against patient K.C.  The district court sentenced him to consecutive terms of ten to fifteen years imprisonment on each count.  *Id.* ¶ 14, 435 P.3d at 371.  Following his conviction, Mr. Harnetty filed three motions seeking an arrest of judgment or a new trial.  All three motions were denied.  He appealed and we affirmed his conviction in *Harnetty*, ¶¶ 1–3, 435 P.3d at 369–70.

---

[1] At sentencing, the court was informed Mr. Harnetty had lost his license to practice medicine.  *Harnetty*, ¶ 2, 435 P.3d at 370 n.1.

1

[¶4]    Mr. Harnetty then filed a Petition for Postconviction Relief raising numerous claims. The only issue on appeal is whether his claim of juror misconduct was sufficient to survive summary judgment and require an evidentiary hearing.

## A.    Pretrial Publicity

[¶5]    Prior to trial and after a hearing, the district court excluded proposed evidence related to Mr. Harnetty from trial under W.R.E. 404(b).  Also prior to trial, the Casper Star-Tribune and other out of state newspapers ran stories about the case.  Several articles discussed Mr. Harnetty's settlement of a malpractice claim in Georgia for one million dollars.  The Casper Star-Tribune published information that the district court had excluded from trial, including allegations that Mr. Harnetty had "raped a child," allegations he had sexually harassed a nurse in Georgia, and allegations that he had to change locations to complete his medical residencies because of his inappropriate behavior with female colleagues.  The article further discussed a Wyoming legislative bill, circulating in reaction to Mr. Harnetty's arrest, aimed at protecting patients from "predatory doctors."

## B.    Voir Dire

[¶6]    A five-day jury trial began on January 22, 2018.  Prior to voir dire, the district court noted the pre-trial publicity.  It counseled the attorneys to use caution in exploring the effect of the publicity on potential jurors.  It suggested that they initially approach the issue with "yes-or-no" questions and carefully follow up regarding the level of media exposure of any given juror and whether that juror could set aside the exposure and remain impartial.  The possibility of a more detailed inquiry based on responses by specific jurors was left to the discretion of the attorneys.  Seven of the jurors, ultimately empaneled, acknowledged some level of media exposure.  Each stated he or she could "lay aside his impression or opinion" based on the publicity and would be able to "render a verdict based on the evidence presented in court" if called to serve.  The jury convicted Mr. Harnetty on two of the eight charges.

## C.    Petition for Postconviction Relief

[¶7]    Following this Court's decision affirming Mr. Harnetty's conviction on direct appeal, he hired new counsel to conduct further investigation into facts relevant to his trial. New counsel contracted with Rachel Roberts, a licensed legal investigator.  On December 15 and 16, 2019, Ms. Roberts (along with counsel) interviewed the jurors who sat in Mr. Harnetty's trial.  Ms. Roberts submitted an affidavit detailing relevant portions of the interviews.  The affidavit averred that Juror M stated that there was "no doubt in [his] mind" that Mr. Harnetty was guilty and that it was an "open and shut case."  When asked what was different about the guilty and non-guilty verdicts at trial, Juror M brought up "all that stuff [Mr. Harnetty] did in Georgia" and stated Mr. Harnetty had "done it before to

2

other women." When asked if the jurors discussed the Georgia allegations in the deliberation room, Juror M replied, "not everyone talked about that—just a few of us." Juror M also stated, "that other doctors have done the same thing and 'have walked away from that and gotten nothing.'" In addition, Ms. Roberts' affidavit reported comments by two other jurors that generally indicated some jurors may have considered the media reports.

[¶8] On April 20, 2020, Mr. Harnetty filed his Petition for Postconviction Relief requesting an evidentiary hearing on all claims. Mr. Harnetty argued, *inter alia*, that juror misconduct violated his right to a fair and impartial jury. The evidentiary support for this claim included Ms. Roberts' affidavit, and copies of the media coverage.

## D.      State's Motion for Summary Judgment

[¶9] The State filed its answer to Mr. Harnetty's petition on November 19, 2020. At that time, it requested permission to file a Motion for Summary Judgment. The district court granted the request, and the State filed its Motion for Summary Judgment on March 1, 2021.[2] The State argued that Ms. Roberts' affidavit supporting Mr. Harnetty's Petition for Postconviction Relief was based on inadmissible hearsay and that Mr. Harnetty had failed to provide admissible evidence to establish a prima facie showing of a genuine dispute as to any material fact. It contended it was entitled to judgment as a matter of law. Mr. Harnetty responded to the State's motion but provided no additional evidentiary support for his juror misconduct claim beyond that attached to his petition.

[¶10] The district court granted the State's motion on this claim for two reasons. First, it determined that a juror misconduct claim was procedurally barred and the district court lacked jurisdiction stating, "Both trial and appellate counsel could have investigated the jurors post trial and prior to appeal but failed to do so. Thus, the [c]ourt finds this matter could have been raised in direct appeal and was not." The court further concluded, "Because [the affidavit signed by the post-conviction investigator] is hearsay, it is not an 'admissible document' for summary judgment purposes and cannot be considered for postconviction relief."

### *STANDARD OF REVIEW*

[¶11] Pursuant to Wyo. Stat. Ann. § 7-14-103(a), the question of whether a petition for post-conviction relief is procedurally barred is a question of jurisdiction. The question of jurisdiction is a question of law that we review de novo. *Schreibvogel v. State*, 2012 WY 15, ¶ 8, 269 P.3d 1098, 1101 (Wyo. 2012); *Goetzel v. State*, 2019 WY 27, ¶ 9, 435 P.3d

---

[2] Mr. Harnetty subsequently filed his own Motion for Summary Judgment which the district court denied. He conceded at oral argument that the denial of his motion was appropriate.

865, 868 (Wyo. 2019) (whether claims are barred by the doctrine of res judicata is a question of law that this Court reviews de novo).

[¶12] "We review a district court's ruling on summary judgment de novo and may affirm on any legal ground appearing in the record." *Miller by & through Travis v. Sweetwater Cnty. Sch. Dist. #1*, 2021 WY 134, ¶ 13, 500 P.3d 242, 246 (Wyo. 2021) (quoting *James v. James*, 2021 WY 96, ¶ 23, 493 P.3d 1258, 1264 (Wyo. 2021)).

> We . . . afford no deference to the district court's ruling. *Thornock v. PacifiCorp*, 2016 WY 93, ¶ 10, 379 P.3d 175, 179 (Wyo. 2016). This Court reviews the same materials and uses the same legal standard as the district court. *Id.* The record is assessed from the vantage point most favorable to the party opposing the motion . . . , and we give a party opposing summary judgment the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id.*

*Miller*, ¶ 13, 500 P.3d at 246 (quoting *James*, ¶ 23, 493 P.3d at 1265). The parties' burdens on summary judgment are delegated as follows:

> The party moving for summary judgment bears the burden of establishing a prima facie case and showing there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Once that burden is met, the opposing party is obligated to respond with materials beyond the pleadings to show a genuine issue of material fact. When the moving party does not have the ultimate burden of persuasion, it establishes a prima facie case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim.

*Id.* ¶ 14, 500 P.3d at 246 (citations and quotation marks omitted).

[¶13] Statutory interpretation is a question of law reviewed de novo. *Williams v. Sundstrom*, 2016 WY 122, ¶ 19, 385 P.3d 789, 794 (Wyo. 2016) (citing *Clark v. State ex rel., Dep't of Workforce Servs.*, 2016 WY 89, ¶ 10, 378 P.3d 310, 313 (Wyo. 2016), and *In re CRA*, 2016 WY 24, ¶ 15, 368 P.3d 294, 298 (Wyo. 2016)). "When interpreting a statute and its application, we first look at the plain language used by the legislature. If the [statutory language] is sufficiently clear and unambiguous, the Court simply applies the

4

words according to their ordinary and obvious meaning." *CRA*, ¶ 16, 368 P.3d at 298 (citing *In re CDR*, 2015 WY 79, ¶ 19, 351 P.3d 264, 268–69 (Wyo. 2015)).

## *ANALYSIS*

### I.    *The district court retained jurisdiction to consider the juror misconduct claim and erred in applying the procedural bar found in Wyo. Stat. Ann. § 7-14-103(b)(i).*

[¶14]   Under Wyo. Stat. Ann. § 7-14-103(a)(i), a claim under the post-conviction "act is procedurally barred and no court has jurisdiction to decide the claim if the claim: (i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction[.]"  Conversely, under Wyo. Stat. Ann. § 7-14-103(b)(i), "a court may hear a petition" when "[t]he petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal."  "[B]oth the doctrine of *res judicata* and specific statutory restrictions forbid raising matters in a post-conviction relief petition that were, or could have been, raised on appeal."  *Rathbun v. State*, 2011 WY 116, ¶ 13, 257 P.3d 29, 34 (Wyo. 2011).

[¶15]   The district court held that Mr. Harnetty's claim of juror misconduct was barred because "[b]oth trial and appellate counsel *could have* investigated the jurors post trial and prior to appeal" and could have raised the issue of juror misconduct on appeal.  (Emphasis added.)  This places an unrealistic burden on a defendant.  Trial and appellate counsel did not interview the jurors after trial and before appeal and, under the facts here, they were under no duty to do so.

[¶16]   If we were to affirm the district court's holding, trial and appellate counsel would need the equivalent of a crystal ball to investigate every possible avenue for relief within the thirty days a defendant has to appeal, even those not apparent in the record.  We have not previously addressed this question in the context of a petition for post-conviction relief and look to other courts.

[¶17]   In *Ex parte Burgess*, Mr. Burgess brought a postconviction claim alleging that he had "discovered only recently that during *voir dire* at his trial, many of the jurors failed to accurately answer questions."  *Ex parte Burgess*, 21 So. 3d 746, 754 (Ala. 2008).  The Court of Criminal Appeals of Alabama remanded the case to the trial court for a determination of whether the claims of juror misconduct could have been raised in Mr. Burgess' motion for a new trial.  Mr. Burgess informed the trial court that his "failure-to-disclose claims were discovered by undersigned counsel in a postconviction investigation" and that the "claims were not raised at trial or on direct appeal because counsel had no information that such misconduct had occurred and therefore was under no obligation to raise the claims."  *Id.* at 749.  The Court of Criminal Appeals of Alabama affirmed the trial court's order finding that Burgess' juror-misconduct claims were precluded because Mr.

5

"Burgess failed to show that his claims could not have been discovered in time to raise them in his motion for a new trial." *Id.* at 753.

[¶18]  The Alabama Supreme Court rejected this conclusion:

> Burgess reasonably expected that potential jurors answered accurately the questions posed to them during the voir dire examination.  It is unreasonable to hold that a defendant must uncover any and all juror misconduct in the form of inaccurate responses to voir dire examination in time to raise such claims in a motion for a new trial or on appeal. Requiring a defendant to raise such claims of juror misconduct during the interval between the voir dire examination and the filing of posttrial motions places an impracticable burden on defendants.  In this case, there is no evidence before us indicating that Burgess suspected or should have suspected that any jurors did not accurately answer a question during the voir dire examination. . . .
>
> The trial court, in finding that Burgess's claims were procedurally barred . . . found "that the information obtained from the jurors was available to newly appointed appellate counsel and could have been raised in [Burgess's] Motion for New Trial.  All counsel had to do was to interview the jurors in post-trial interviews just as was done by petitioner's counsel herein."  *However, it is unreasonable to require that a defendant, unaware of any failure to answer correctly questions posed during the voir dire examination, must contact each juror and ask whether he or she accurately and truthfully answered such questions. Jury service is sufficiently disruptive of a citizen's regular activities without this Court announcing a rule that would routinely subject jurors to potentially insulting postverdict interrogation concerning their veracity. Absent any evidence that a telephone call to some or all the jurors would have been nothing more than a mere fishing expedition, we cannot hold on this record that Burgess's claims are precluded.*

*Burgess*, 21 So. 3d at 754–55 (emphasis added); *see also Ex parte Ward*, 89 So. 3d 720, 725 (Ala. 2011) ("The showing of diligence required is that a reasonable effort was made. *The applicant is not called upon to prove he sought evidence where he had no reason to apprehend any existed.*" (quoting *Stamps v. State*, 380 So. 2d 406, 409 (Ala. Crim. App. 1980))); *Martin v. State*, 322 So. 3d 25, 33 (Fla. 2021), *reh'g denied*, No. SC18-896, 2021

WL 3286798 (Fla. Aug. 2, 2021) ("defense counsel could not have discovered Smith's juvenile adjudication or grandfather's murder absent voluntary disclosure from Smith himself or from the State. Because Martin could not have discovered the underlying facts about juror Smith with due diligence in time to argue this claim in the direct appeal, we reject the State's argument that Martin's claim could have been raised on direct appeal and is therefore procedurally barred."); *Com. v. Tedford*, 960 A.2d 1, 20 (Pa. 2008) (Regarding a claim of ineffective assistance of appellate counsel, the "claim depends upon an assumption that appellate counsel had a constitutional duty to interview jurors to properly present the jury taint claim. Appellant cites no case to support this assumption and, contrary to appellant's assertion, there is no general recognized duty to interview jurors. In fact, the practice is condemned."); *Eye v. State*, 551 S.W.3d 671, 677 (Mo. Ct. App. 2018) ("a juror misconduct claim amounting to a constitutional error can only be raised in a [post-conviction] motion when the factual basis of the juror misconduct was not discovered until after the trial" (citing *State v. Wilson*, 812 S.W.2d 213, 216 (Mo. Ct. App. 1991))).

[¶19] It is uncontested that Mr. Harnetty's juror misconduct claims were discovered after his direct appeal. As the State points out, voir dire included questions regarding the effect of pretrial publicity on potential jurors. Each selected juror stated that he or she could set aside the pretrial publicity and render an impartial decision based on evidence presented at trial. Under Wyo. Stat. Ann. § 7-11-106,[3] a prospective juror cannot be challenged if he or she states that any opinion or impression formed from pretrial publicity can be laid aside and the prospective juror will "render a verdict based on the evidence presented in court." Wyo. Stat. Ann. § 7-11-106(a)(i).

[¶20] "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Anderson v. State*, 2014 WY 13, ¶ 44, 317 P.3d 1108, 1122 (Wyo. 2014) (quoting *Osborne v. State*, 2012 WY 123, ¶ 20, 285 P.3d 248, 252 (Wyo. 2012)). Like the Alabama Supreme Court, under these circumstances, we do not find it reasonable to impose a duty on trial or appellate counsel to doubt juror veracity or to question each juror who is known to be exposed to pretrial publicity after trial. Because the information on potential jury misconduct was not

---

[3]      **§ 7-11-106. Opinion formed from news reports or rumors.**

(a)      It is not cause for challenge that a person called to act as a juror in a criminal case has formed or expressed an opinion as to the guilt or innocence of the accused from news media reports or rumor if:

(i)      The prospective juror states that he can lay aside his impression or opinion and render a verdict based on the evidence presented in court; and

(ii)      The court is satisfied, from the examination of the prospective juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at trial.

Wyo. Stat. Ann. § 7-11-106 (LexisNexis 2021).

available in the trial record, appellate counsel was under no duty to interview jurors prior to appeal. Mr. Harnetty's claim of juror misconduct is not procedurally barred.

## II. *The district court did not err in granting summary judgment to the State without holding an evidentiary hearing on Mr. Harnetty's post-conviction claim of juror misconduct.*

[¶21] Mr. Harnetty argues that Ms. Roberts' affidavit was sufficient under Wyoming's post-conviction statutes and *State ex rel. Hopkinson v. Dist. Ct., Teton Cnty.*, 696 P.2d 54 (Wyo. 1985) to provide the factual basis for his juror misconduct claim and entitle him to an evidentiary hearing where he could call witnesses to testify under oath. The State responds that this argument ignores the posture of the case, the precise language used by the district court, and the intentionally narrow nature of post-conviction relief.

[¶22] The key to the resolution of these arguments is in recognizing that the process here involved two steps, each with its own evidentiary standard. Our analysis begins and ends with the plain language of the statutes governing post-conviction relief. Wyo. Stat. Ann. §§ 7-14-101 through -108. The initiation of a petition for post-conviction relief is found in Wyo. Stat. Ann. § 7-14-101:

> (b)    Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction or sentence there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7-14-101 through -108]. . . .
>
> (c)    **Unless otherwise inconsistent with the provisions of this act, proceedings under this act shall be conducted pursuant to the Wyoming Rules of Civil Procedure and the Wyoming Rules of Evidence**, except:
>
>> (i)    Any evidentiary hearing shall be conducted before the court without a jury; and
>>
>> (ii)    Rules 3, 4, 14, 22, 23, 24, 38, 39, 40.1, 42, 47, 48, 51, 55, 59 and 64 through 71.1 of the Wyoming Rules of Civil Procedure shall not apply to proceedings under this act.

Wyo. Stat. Ann. § 7-14-101(b)–(c) (LexisNexis 2021) (emphasis added).

[¶23] Wyo. Stat. Ann. § 7-14-102 identifies the necessary contents of the petition:

8

(a)     The petition shall state:

(i)     The proceeding in which the petitioner was convicted;

(ii)    The date of the rendition of the final judgment;

(iii)   The facts which show the petitioner's constitutional rights were violated; and

(iv)    Any previous proceedings in which the petitioner has been involved to secure relief from his conviction.

**(b)     The petition shall be accompanied by affidavits, records or other evidence supporting the allegations or shall state why the same are not attached.**

(c)     The petition may contain argument, citations and discussion of authorities.

Wyo. Stat. Ann. § 7-14-102 (emphasis added).

[¶24]  In accord with this statute, Mr. Harnetty filed his petition and attached Ms. Roberts' affidavit to support his claim of juror misconduct.

[¶25] Mr. Harnetty argues Ms. Roberts' affidavit was sufficient to place his juror misconduct claim at issue.  It stated with specificity the basis for his claim.  It recounted specific statements by several jurors made to Ms. Roberts supporting his contention that evidence excluded by the court was considered during the deliberations.  Citing *Pote v. State*, 733 P.2d 1018, 1021 (Wyo. 1987), Mr. Harnetty claims he provided a sufficient basis to entitle him to an evidentiary hearing where he could present the testimony of the persons identified in the affidavit.

[¶26]  We agree.  In *Pote* we said,"[I]n order to be entitled to an evidentiary hearing on a petition for post-conviction relief the petition must contain more than naked allegations and conclusions and documents.  Petitioner must plead a substantial claim and demonstrate how the allegations can be proven." *Pote*, 733 P.2d at 1021. *See also Hopkinson*, 696 P.2d 54.  Ms. Roberts' affidavit contained specific information sufficient to take Mr. Harnetty's claim to the next level.  The affidavit reflects Ms. Roberts' personal knowledge of interviews with named jurors.  It includes statements by those jurors that indicate information outside of the evidence at trial may have been considered during deliberations.

9

At this point, Mr. Harnetty had vaulted the first hurdle in his effort to obtain post-conviction relief and advanced to the next step in the statutory process.

[¶27] The district court ordered the State to respond to Mr. Harnetty's Petition for Postconviction Relief. Wyo. Stat. Ann. § 7-14-105 states:

> (a) Within forty-five (45) days after being ordered to respond to the petition by the court, or within any further time as the court may fix, the attorney general on behalf of the state shall answer or move to dismiss the petition. No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party.
>
> (b) The court may grant leave to the petitioner, at any stage of the proceeding prior to entry of judgment, to withdraw the petition.
>
> (c) The court may by order authorize:
>
> > (i) Amendment of the petition or any other pleadings;
> >
> > (ii) The filing of further pleadings; or
> >
> > (iii) An extension of the time for filing any further pleading other than the original petition.

Wyo. Stat. Ann. § 7-14-105.

[¶28] The State responded to Mr. Harnetty's petition and, as contemplated by Wyo. Stat. Ann. § 7-14-101(c), moved for permission to file a motion for summary judgment. The district court granted the State's motion.

[¶29] Following the district court's ruling, the State filed its motion for summary judgment claiming Mr. Harnetty had not provided sufficient evidence under Rule 56(c) to establish his claim of juror misconduct. Rule 56(c) governs summary judgment procedures:

> (1) *Supporting Factual Positions.* — A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that **an adverse party cannot produce admissible evidence to support the fact**.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* — **A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.**

W.R.C.P. 56(c)(1)–(2) (emphasis added). In accord, under Rule 56(c)(1)(B) and (c)(2), the State alleged Ms. Roberts' affidavit contained only hearsay which is not admissible at trial. It argued summary judgment was appropriate because Mr. Harnetty had not presented any admissible evidence of juror misconduct.

[¶30] Mr. Harnetty did not submit additional evidence. Instead, in his response to the State's motion, he relied on Ms. Roberts' affidavit attached to his petition for post-conviction relief. In doing so, he failed to meet the requirements of Rule 56(c) requiring him to produce admissible evidence in response to the State's motion for summary judgment. In the absence of admissible evidence, the district court granted the State's motion on Mr. Harnetty's claim of juror misconduct.

[¶31] On appeal, Mr. Harnetty argues the district court erred in applying the Rule 56 standard. While he acknowledges certain Wyoming's Rules of Civil Procedure apply to post-conviction relief proceedings under Wyo. Stat. Ann. § 7-14-101(c), he relies on the statutory qualification that the Wyoming Rules of Civil Procedure and the Wyoming Rules of Evidence do not apply when they are "otherwise inconsistent with the provisions of this act." In support of his argument, he contends the jurors would not voluntarily submit affidavits, and the district court had "not ordered depositions or other forms of civil discovery, which would usually form the basis for undisputed material facts in summary judgment litigation." Because the post-conviction relief statutes contain no provision for discovery, he concludes "[t]he district court's ruling is inconsistent with [Wyo. Stat. Ann.] § 7-14-102 and undermines the right of persons serving prison sentences to redress constitutional errors that resulted in their convictions as guaranteed by [Wyo. Stat. Ann.] § 7-14-101(b)."

[¶32] The problem for Mr. Harnetty is that Rule 56 is consistent with the post-conviction procedure. It provides specific mechanisms to overcome obstacles to a party's ability to present essential facts under these circumstances:

> (4) *Affidavits or Declarations.* — An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
>
> **(d)     When Facts are Unavailable to the Nonmovant.** — If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)     defer considering the motion or deny it;**
>
> **(2)     allow time to obtain affidavits or declarations or to take discovery; or**
>
> **(3)     issue any other appropriate order.**

W.R.C.P. 56(c)(4)–(d) (emphasis added).

[¶33] Once the State moved for summary judgment, Mr. Harnetty's opposition to the motion was governed by Rule 56. When the burden shifted to him, he was required to produce admissible evidence to satisfy the existence of a disputed material fact on each essential element at issue. *Page v. Meyers*, 2021 WY 73, ¶ 11, 488 P.3d 923, 926 (Wyo. 2021). As the nonmovant, he could have petitioned the district court for additional time,[4] requested the opportunity for discovery, or any other appropriate order. Ms. Roberts' affidavit, alone, was insufficient. "Speculation, conjecture, the suggestion of a possibility, guesses, or even probability, are insufficient to establish an issue of material fact on any essential element." *Id.* (citations and quotation marks omitted).

[¶34] Mr. Harnetty claims "[t]he district court based its ruling on a belief that hearsay in an affidavit could not be considered for postconviction relief whatsoever." We disagree. The district court allowed his post-conviction petition to proceed on Ms. Roberts' affidavit. When the State filed for summary judgment, the posture of the case changed. At that juncture, Mr. Harnetty was required to submit evidence admissible at trial to defeat the State's motion. The district court was obliged to address the summary judgment motion

---

[4] *See* Wyo. Stat. Ann. § 7-14-105(c), "The court may by order authorize: . . . (iii) An extension of the time for filing any further pleading other than the original petition."; and W.R.C.P. 56(d).

12

and, if Mr. Harnetty was successful in raising a question of fact through admissible evidence, hold an evidentiary hearing. Contrary to Mr. Harnetty's assertions, he had the tools to assist him in surmounting any obstacles to meeting his burden on summary judgment. He failed to use them.

## *CONCLUSION*

[¶35] Mr. Harnetty's juror misconduct claim was not procedurally barred for failing to raise the claim on direct appeal. The post-conviction relief statutes and the inclusion of procedures to respond to summary judgment create an unambiguous and seamless opportunity for the petitioner to present his post-conviction constitutional claims. Summary judgment in favor of the State is affirmed.

**BOOMGAARDEN, Justice,** concurring in part and dissenting in part.

[¶36]  I concur in the majority's conclusion that Mr. Harnetty's juror misconduct claim was not procedurally barred.  I respectfully disagree with the majority's conclusion that the State was entitled to summary judgment on his juror misconduct claim.

[¶37]  Mr. Harnetty was entitled to an evidentiary hearing on his juror misconduct claim once he cleared what the majority characterizes as "the first hurdle in his effort to obtain post-conviction relief[.]"  It is inconsistent with the post-conviction relief statutes and our precedent to allow the State to use W.R.C.P. 56 to strip him of his entitlement to an evidentiary hearing under these circumstances.

[¶38]  In *Hopkinson*, we said:

> Before a person is entitled to an evidentiary hearing on a petition for post-conviction relief, there must be set forth in the text of the petition and the required supporting attachments a substantial claim plus some specificity in support of the claim. *Boggs v. State,* Wyo., 484 P.2d 711 (1971).  In order to justify a hearing, there must be more than a naked statement of a conclusion unsupported by an evidentiary basis. *Cook v. State*, 220 Kan. 223, 552 P.2d 985 (1976); *State v. Gillihan*, 85 N.M. 514, 514 P.2d 33 (1973).  There must not only be verified factual allegations in the petition, § 7-14-101, but the statutory requirement is that they must be supported, likewise with some specificity, § 7-14-102.

*State ex rel. Hopkinson v. Dist. Ct., Teton Cty.*, 696 P.2d 54, 61 (Wyo. 1985).

[¶39]  In *Pote*, we said:

> A petition is properly denied without an evidentiary hearing where it contains only bald allegations and conclusions with no supporting factual materials. *Boggs v. State*, Wyo., 484 P.2d 711 (1971).  Therefore, in order to be entitled to an evidentiary hearing on a petition for post-conviction relief the petition must contain more than naked allegations and conclusions and documents.  Petitioner must plead a substantial claim and demonstrate how the allegations can be proven. *Hopkinson v. State*, Wyo., 696 P.2d 54 (1985).

*Pote v. State*, 733 P.2d 1018, 1021 (Wyo. 1987); *see also Smizer v. State*, 835 P.2d 334, 337 (Wyo. 1992) ("Before a person seeking post-conviction relief is entitled to an

14

evidentiary hearing, he initially must present a substantial claim with specificity." (citation omitted)).

[¶40] The majority agrees that Mr. Harnetty met these standards entitling him to an evidentiary hearing. But then it concludes the State was entitled to summary judgment on his juror misconduct claim because his investigator's affidavit was based on hearsay and thus could not establish a genuine issue of material fact. These conclusions are incongruent and sanction the State's use of W.R.C.P. 56 as a procedural trap to preclude full development of the evidentiary basis necessary to fairly rule on a substantiated post-conviction claim.

[¶41] I acknowledge that *Hopkinson* and *Pote* did not require this court to juxtapose a petitioner's entitlement to an evidentiary hearing, under Wyo. Stat. Ann. § 7-14-106, with a request by the State to deny the petition on summary judgment. *Hopkinson*, 696 P.2d 54; *Pote*, 733 P.2d 1018. On considering that juxtaposition, however, I am convinced that the majority raises the bar too high, in conflict with longstanding post-conviction relief protections.

[¶42] Post-conviction relief proceedings are intended to remedy the violation of a petitioner's constitutional rights. Wyo. Stat. Ann. § 7-14-101(b) ("Any person serving a felony sentence in a state penal institution who asserts that in the proceedings which resulted in his conviction or sentence there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act."). A petitioner has one shot at this form of relief. Wyo. Stat. Ann. § 7-14-103(a)(ii) ("A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim: . . . [w]as not raised in the original or an amendment to the original petition under this act[.]"); *Bibbins v. State*, 741 P.2d 115, 116 (Wyo. 1987) ("The post-conviction relief statutes do not contemplate successive petitions for post-conviction relief."); *Boyd v. State*, 747 P.2d 1143 (Wyo. 1987) (affirming denial of a second petition for post-conviction relief). As a petition for post-conviction relief is, at its core, "a continuation of the criminal case and not a civil action," *Hopkinson*, 696 P.2d at 61, I cannot endorse a rule that gives the State a civil rule procedural advantage that operates to undermine the plain meaning and intent of Wyoming's post-conviction relief statutes.

[¶43] I take no issue with the fact that post-conviction relief proceedings are conducted pursuant to the rules of civil procedure, including W.R.C.P. 56. *Harlow v. State*, 2005 WY 12, ¶ 1 n.1, 105 P.3d 1049, 1054 n.1 (Wyo. 2005) (citations omitted); Wyo. Stat. Ann. § 7-14-101(c). Indeed, some claims for post-conviction relief can and should be resolved on summary judgment without an evidentiary hearing. *See, e.g.*, *Harlow*, 2005 WY 12, 105 P.3d 1049. The State may, for example, be able to show *on the existing criminal record* that a claim is procedurally barred. Wyo. Stat. Ann. § 7-14-103(a). The State may also be able to show *on the existing criminal record* that the petitioner cannot establish "that in

the proceedings which resulted in his conviction or sentence there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both[.]" Wyo. Stat. Ann. § 7-14-101(b).

[¶44]   However, some post-conviction relief claims, like Mr. Harnetty's juror misconduct claim, cannot be resolved on the existing criminal record and need to be developed at an evidentiary hearing before they can be fairly resolved.  *See Smizer*, 835 P.2d at 338 (explaining that a hearing is not required in every case; "[h]owever, in rare cases such as this one, an evidentiary hearing is necessary when the court cannot adequately review the issues by relying upon the record alone"); *see also Pote*, 733 P.2d at 1021 ("Whether a formal hearing is held . . . depends on the circumstances of each case." (citation omitted)). Under these circumstances it is inconsistent with our post-conviction relief statutes to tilt the playing field in the State's favor by allowing it to use summary judgment as a trap for a petitioner who is otherwise entitled to a hearing under those statutes.  We should not require Mr. Harnetty, or any similarly situated petitioner, to re-establish pursuant to W.R.C.P. 56(d) what he has already shown.

[¶45]   The manner in which the State used summary judgment in these proceedings was flawed.  *See Vandeberg v. State*, 2003 ND 71, ¶ 7, 660 N.W.2d 568, 571–72 ("[T]he State cannot require the petitioner, in every post-conviction relief case, to prove up his case prior to any hearing merely by moving for summary disposition and asserting the petitioner has offered no evidence to support his claims.").  When a substantiated post-conviction relief claim cannot be resolved on the existing criminal record and needs to be developed at an evidentiary hearing, to require the petitioner to make an additional showing under Rule 56(d) impermissibly prioritizes procedural form over constitutional substance. Accordingly, I cannot subscribe to the use of W.R.C.P. 56 to override the sufficiency of Mr. Harnetty's juror misconduct showing under *Hopkinson* and *Pote*.

[¶46]   For these reasons, I would reverse and remand for an evidentiary hearing on Mr. Harnetty's juror misconduct claim.